## WILSON J. ROMANS *vs.* EDWARD LANGEVIN.

### December 4, 1885.

Pleading Delivery of Written Agreement.—In pleading, an averment that a written agreement was "made and entered into" includes its delivery.

Specific Performance—Contract to Sell Land—Certainty.—The following agreement held to be sufficiently certain as respects parties, terms of payment, and description of land for a specific performance:

"Received of Wilson J. Romans one hundred dollars, as earnest-money and part purchase price of lot 1, block 10, of Bazille & Roberts' addition to West St. Paul, being 50 feet front on Ducas street by 69 feet on Fairfield avenue, which I have sold for the sum of $1,800, on the following terms: Assume a mortgage of $600 now on said lot, and pay the balance in cash.    Abstract of title to be furnished.    If title is not perfect, money is to be refunded.

"Witness my hand and seal this second day of December, 1884.

"E. LANGEVIN.            [Seal.]
"By A. B. WILGUS, Agent."

Appeal by defendant from an order of the district court for Ramsey county, *Simons*, J., presiding, overruling a demurrer to the complaint in an action for specific performance.

*Uri L. Lamprey,* for appellant.

*Williams & Goodenow* and *G. M. Orr,* for respondent.

BERRY, J. The complaint alleges that on December 2, 1884, the defendant, by his agent, "made and entered into" the following agreement, viz.:

"Received of Wilson J. Romans one hundred dollars, as earnest-money and part purchase price of lot one, block ten, of Bazille and Roberts' addition to West St. Paul, being fifty feet front on Ducas street by sixty-nine feet on Fairfield avenue, which I have sold for the sum of eighteen hundred dollars, on the following terms: Assume a mortgage of $600 now on said lot, and pay the balance in cash. Abstract of title to be furnished. If title is not perfect, money is to be refunded.

"Witness my hand and seal this second day of December, 1884.

"E. LANGEVIN. [Seal.]
"By A. B. WILGUS, Agent."

The complaint also alleges that defendant was, on said second day of December, owner and possessed of the *"real property"* above *"described;"* and upon other appropriate allegations of tender, etc., a specific performance is prayed for.

A written agreement is not *made and entered into,* or, what is equivalent, "executed," until it is delivered; and hence an averment that such an agreement is "made and entered into" includes its delivery. *Churchill* v. *Gardner,* 7 Term Rep. 592.

There is no uncertainty as to who are the parties to the agreement. The defendant, Langevin, is the vendor, and the plaintiff, Romans, by whom the "earnest-money and part purchase price" of the property is paid, is the vendee. See *Hurley* v. *Brown,* 98 Mass. 545; *Fowler* v. *Redican,* 52 Ill. 405. The agreement is not uncertain as to terms of payment. The price, ($1,800,) less $100 earnest-money, is to be paid by assuming the mortgage now on the lot for $600, and by paying the balance, whatever it may be, (a mere matter of computation,) in cash. Though mentioning no state, county, or town in which, or plat on which, the land bargained is found, the agreement nevertheless gives a description which purports to and

fitly may designate a *particular* piece of land, as the complaint in effect alleges that it *in fact* does. It cannot, therefore, be said to be void for failure to *designate* any tract of land as the subject of sale. The application of that description to the face of the earth—the *indentification* of the particular piece mentioned—is, as in other cases, a matter of evidence. But the description is a sufficient designation of the subject of the alleged contract if it furnish the means of making the application and identification. *Reed's Heirs* v. *Hornback*, 4 J. J. Marsh. 376; *Murdock* v. *Anderson*, 4 Jones, Eq. 77; *Eggleston* v. *Wagner*, 46 Mich. 610; 1 Reed, St. Frauds, §§ 408, 409; *Smith's Appeal*, 69 Pa. St. 474.

This disposes of the points made by defendant in support of his demurrer to the complaint, and the result is that the order overruling it is affirmed.