THE STATE v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Railroads:** INTER-STATE COMMERCE: REGULATION OF CHARGES BY STATE: CONSTITUTIONAL LAW. A state has no authority to regulate the charges which a railway company may make for carrying goods from a point without the state to a point within, or *vice versa*; and an order of the railroad commissioners of this state designed to regulate such charges is void, as being in conflict with article 1, section 8, of the constitution of the United States. (Compare *Carton v. Illinois Central R'y Co.*, 59 Iowa, 148, and *Illinois v. Wabash, St. L. & P. R'y Co.*, 7 Sup. Ct. Rep., 4.)

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 2.

ACTION under the provision of chapter 133 of the Laws of the Twentieth General Assembly to enforce an order of the railroad commissioners. The defendants demurred to the petition. The demurrer was sustained, and the state appeals.

In the month of February, 1884, one E. Barber delivered to defendant for shipment at Morrison, in the state of Illi-

nois, (which is a station on defendant's railway,) a buggy which was consigned to himself at Glidden, which is also a station on defendant's road in this state. The buggy weighed 550 pounds, and defendant charged for its services in transporting it to its destination eighty-four cents per hundred pounds. The distance from Morrison to Glidden is 284 miles, and the rate charged by defendant was greater than that charged by it for the transportation of property of the same class, for the same distance, wholly within this state. Barber thereupon filed a complaint with the board of railroad commissioners of this state, alleging that the charge was excessive. The commissioners, after an investigation of the complaint was had, made the following order: "It is therefore ordered by the board of railroad commissioners that the Chicago & Northwestern Railroad Company, respondent herein, so revise and alter its inter-state distance tariff, so far as relates to freights shipped from points within this state to points without this state, and from points outside this state to points within the state, as to make it correspond to the Iowa local-distance tariff, which it is here assumed is arranged on a sufficiently remunerative basis." Defendant was notified of this order, but refused to obey it. The board of railroad commissioners thereupon remitted its proceedings to the attorney-general of the state, who instituted this suit under the provisions of chapter 133, Laws Twentieth General Assembly, for the enforcement of said order, The circuit court sustained a demurrer to the petition, and from that order the state appeals.

*A. J. Baker, Attorney-general,* for the State.

*Hubbard, Clark & Dawley,* for defendant.

REED, J.—The ground of the demurrer to the petition is that the order of the board of railroad commissioners is an attempt, under the authority of the state, to regulate com-

merce between points within this state and points without the state, and is contrary to that provision of section 8 of article 1 of the constitution of the United States, which confers upon the congress of the United States the power "to regulate commerce with foreign nations, and among the several states." The defendant operates a number of lines of railway, one of which extends from Chicago, in the state of Illinois, across this state, to its western boundary. Other lines operated by it extend into the states of Michigan, Wisconsin, Minnesota and Nebraska, and the territory of Dakota. Each of these lines connects, at some point, with the line through this state. It also has in this state lateral and connecting lines, which connect remote districts of the state with its main line.

The effect of the order in question is to prescribe a fixed and definite schedule of charges for the transportation of property between the points in this state, which are reached by defendant's lines of railway, and those to which they extend in the other states and territory named. The question presented is whether the order amounts to a regulation of commerce among the states, within the meaning of the provision of the federal constitution quoted above. When this cause was submitted in this court, the exact question here involved had not been determined by the supreme court of the United States; but since its submission the question came before that tribunal in the case of *Illinois v. Wabash, St. L. & P. R'y Co.*, 7 Sup. Ct. Rep., 4. The case arose under a statute of the state of Illinois, which prohibited railroad corporations doing business in the state from charging or receiving, for the transportation of freight or passengers, the same or a greater sum for any distance than was charged for a greater distance, and prescribed certain penalties for the violation of the provisions of the act. The supreme court of the state held that the statute was applicable to contracts for the transportation of freight from points within the state to points in other states. 104 Ill., 476. The cause was re-

moved by writ of error to the supreme court of the United States, and that court held, in an opinion filed October 25, 1886, reversing the judgment of the Illinois court, that a statute of a state, intended to regulate, or to tax or to impose any other restriction upon the transmission of persons or property from one state to another, is not within the class of legislation which the states may enact, and is void. 7 Sup. Ct. Rep., 4. The question being one of the construction of the constitution of the United States, the holding of that tribunal is binding on every other court in the land. The judgment of the circuit court is in accord with that holding. It is also in accord with the holding of this court in *Carton v. Illinois Central R'y Co.*, 59 Iowa, 148.

AFFIRMED.

BECK, J.—I concur in the decision announced in the foregoing opinion, in obedience to the authority of the ruling of the United States supreme court in *Illinois v. Wabash, St. L. & P. R'y Co.*, 7 Sup. Ct. Rep., 4. I do not concur in any arguments which have been urged in the support of the doctrines upon which the decision is based, and am now of the opinion that, in the absence of the decision of the supreme court of the United States, just mentioned, the law ought to be settled the other way. But judicial subordination will not permit me to hesitate in following the decision of that court, the final arbiter of questions involving the authority of the states to control railroad corporations for the purpose of aiding commerce, and protecting it against exactions and burdens imposed by these common carriers. However, I am not so restrained by judicial subordination that I may not express regret and disappointment that the United States supreme court has abandoned doctrines and rules which, I think, the profession and judiciary of the country generally regarded as recognized and settled by prior decisions of that high tribunal.