PRESTON H. HODGES *vs.* EDWARD W. KOWING & WIFE.

Fairfield Co., March T., 1889. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, JS.

The statute of frauds is satisfied by the signature to the written memorandum of the party to be charged by it, whether the suit be brought at law or in equity, and whether the contract relates to real or personal estate.

A contract " to purchase of *H* his place in *S*, containing about fifteen acres," held to be sufficiently explicit, and to need no more extrinsic evidence than is admitted to apply the description in a deed to the land intended.

The term "place" used in such a connection is well understood as meaning the party's place of residence.

It is a general rule in equity that where a contract for the sale of real estate has been fairly entered into, each party is entitled to have it specifically performed.

Courts of equity, however, sometimes refuse to apply the rule in cases where it would work special hardship or inconvenience.

A remedy at law, to exclude equity jurisdiction, must be as complete and beneficial as the relief in equity.

[Argued March 27th—decided April 15th, 1889.]

SUIT for the specific performance of a contract for the purchase of real estate; brought to the Superior Court in Fairfield County and heard before *Fenn, J.* Facts found and decree for plaintiff passed, and appeal by the defendants. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *E. W. Seymour*, for the appellants.

1. In this state the specific performance of a contract for the purchase of land, though possessing all the other jurisdictional requisites, will not be decreed if the plaintiff has adequate remedy at law. Our statutes, regulating the jurisdiction of equity courts, since 1784, and probably since 1778, have expressly provided that they shall "take cognizance only of matters in which adequate relief cannot be had in the ordinary course of law." The Revision of 1875, p. 413,

sec. 5, contains, so far as we can find, the language originally used upon this subject. Compare it with Revision of 1821, p. 195, sec. 1. The practice act in no way enlarges this jurisdiction. Gen. Statutes, § 874. The act recognizes and emphasizes the respective jurisdictions of law and equity— recognizes the jurisdiction as already vested and does not attempt to change it, but provides that both rights may, in an appropriate case, be administered in the same suit. No more now than before the adoption of the practice act can our courts decree specific performance in cases where adequate relief can be had in the ordinary course of law. The restrictive language of our statute has generally been recognized by the courts and the profession in this state.   2 Swift's Digest, 764; *Meeker* v. *Meeker*, 16 Conn., 403; *Dodd* v. *Seymour*, 21 id., 478; *Whitney* v. *New Haven*, 23 id., 624; *Quinn* v. *Roath*, 37 id., 16; *Taylor* v. *Atwood*, 47 id., 498; *Webb* v. *Direct London & Portsm. R. Co.*, 1 De G., M. & G., 521; *Stuart* v. *London & N. Western R. Co.*, id., 721. See definition of "adequate remedy at law" in *Wheeler* v. *Bedford*, 54 Conn., 249.

2. In all jurisdictions the right to demand specific performance depends upon other circumstances than the mere fact that it is a valid agreement concerning land that is sought to be enforced. It is stating it too strongly to say, unqualifiedly, that it is as much a matter of course for courts of equity anywhere to decree the specific performance of such contracts, as it is for a court of law to give damages for its breach. In Bispham's Equity, § 364, it is stated that "it may be said that the circumstance that the contract concerns realty gives the party a *primâ facie* right to come into equity." This, we submit, is the better statement of the law, and that, if after coming into equity, it appears that there is adequate remedy at law, or that the contract is not equitable, reasonable, certain, on good consideration, consistent with policy, and free from fraud, suspicion or mistake, then the specific performance will not be decreed.   5 Wait's Actions & Defenses, 763; *Patterson* v. *Bloomer*, 35 Conn., 57; *Jones* v. *Newhall*, 115 Mass., 244; *Pickering* v. *Pickering*, 38

N. Hamp., 400; *Huntington* v. *Rogers*, 9 Ohio St., 511; *Hennessey* v. *Woolworth*, 128 U. S. R., 438. There is no allegation in the complaint that the plaintiff has not adequate remedy at law. No circumstances are alleged which indicate the necessity of appealing to equity. That there is nothing in the plaintiff's case that damages will not compensate (he himself being judge,) is conclusively shown by his offer to release the defendant from his bargain for $2,000 in cash. He fully recognizes the fact that the defendant's failure to take his land is not an injury which money will not heal. Is there any theoretical doctrine of irreparable injury which is stronger than the real facts of a given case? Will the courts, against his own concession, insist that there is no adequate remedy for the plaintiff in damages? Pomeroy on Spec. Perf., § 66. It will be noticed that the reasons given in Story's Equity, Smith's Manual of Equity, Parsons on Contracts, and indeed by all writers on the subject, so far as we have found, for ordinarily granting specific performance of contracts for the sale of land, are, in substance, "because the local character, vicinage, soil, easements or accommodations of the land, may give it a peculiar value in the eyes of the purchaser, so that damages which would enable him to buy other land of the very same marketable value would not or might not be a complete compensation." These are very plausible reasons for a decree in favor of a purchaser, but have no force when the vendor is the petitioner. He sold for money. If he gets just damages for the breach of the bargain by the purchaser he is compensated. There is no reason why the vendor of real estate should have even a *primâ facie* right to go into equity, unless it be found in a theory that under the contract the right should be mutual and the vendor be entitled to a specific performance if the purchaser is. That reason, as already pointed out, will not be sufficient in Connecticut. It has been doubted by high authority whether it will do anywhere, because of the adequate remedy at law open to the vendor. But this contract is not mutual within the meaning of that term as applied to the doctrine of specific performance.

Where nothing has been done under an agreement, specific performance will not be decreed unless the right to compel it is mutual.    To be mutual a contract must be such that it may be enforced at once, by either party against the other. Here is no written contract on the part of the plaintiff to sell the land, as is required by the statute of frauds, nor any part performance to relieve the contract from the operation of the statute.    The part payment of $100 has no such effect. Pomeroy on Spec. Perf., §§ 149, 150, 159, 160; *Eaton* v. *Whitaker*, 18 Conn., 222.    The plaintiff argues that, although the contract is unilateral, yet when such a contract is sought to be enforced it ceases to be unilateral, for that, on filing his bill, the party who was before unbound puts himself under all the obligations of the contract; that by his own act in filing the bill he makes the contract mutual.    Cases may be found which support that view, but the better opinion seems to be to the contrary.    The rights of the parties at the time the contract is made ought to be made the crucial test, and not what they decide to do afterwards.    Our state is in a position to decide this point upon principle, there being, so far as we can find, no decision upon it in our reports. Fry on Spec. Perf., (2d Am. ed.) § 286; Pomeroy on Spec. Perf., § 163; *Lawrenson* v. *Butler*, 1 Sch. & Lef., 13; *Bromley* v. *Jefferies*, 2 Vern., 415; *Benedict* v. *Lynch*, 1 Johns. Ch., 370; *Bodine* v. *Glading*, 21 Penn. St., 50.    In *Duvall* v. *Myers*, 2 Md. Ch., 401, the court says:—" The right to a specific execution of a contract, so far as the question of mutuality is concerned, depends upon whether the agreement itself is obligatory upon both parties, so that upon the application of either against the other the court would coerce a specific performance.    A party, not bound by the agreement itself, has no right to call upon this court to enforce performance against the other contracting party, by expressing his willingness in his bill to perform his part of the agreement.    His right to the aid of the court does not depend upon his subsequent offer to perform the contract on his part, but upon its originally obligatory character."

3. The difference in the quantity of land as represented by

the plaintiff, and as in fact contained in the deeds, makes it inequitable to compel specific performance; especially in the absence of any offer on the plaintiff's part to make such difference good, and of any decree compelling him to do so. By the judgment the defendant is required to pay to the uttermost farthing, though receiving some two acres less of land than it was represented to him he would receive—a difference of several hundred dollars against him, and in favor of the party who appeals to equity for aid. A misrepresentation made by the vendor in a matter of substance, affecting the value of the estate sold, is a good defence to a suit for specific performance, although the vendor, as well as the vendee, was ignorant of its untruth. Fry on Spec. Perf., §§ 431, 432, 458; *Ainslie* v. *Medlycott,* 9 Ves., 13, 21; *Wall* v. *Stubbs,* 1 Mad., 80; *Harris* v. *Kemble,* 5 Bligh N. R., 730; *Cadman* v. *Horner,* 18 Ves., 10; *Clermont* v. *Tasburgh,* 1 Jac. & Walk., 112; *Best* v. *Stowe,* 2 Sandf. Ch., 298; *Coles* v. *Bowne,* 10 Paige, 526. It certainly is not the doctrine of courts of equity to enforce by its peculiar mandate every contract in all cases, even where specific execution is found to be its legal intention and effect. It gives or withholds such decree according to its discretion in view of the circumstances of the case, and the plaintiff's prayer for relief is not answered where, under those circumstances, the relief he seeks would be inequitable. *Clarke* v. *Rochester &c. R. R. Co.,* 18 Barb., 350; *Trustees of Columbia College* v. *Thacher,* 87 N. York, 311,317; *Canterbury Aqueduct Co* v. *Ensworth,* 22 Conn., 608. The contract must be fully understood from the writing itself without the necessity of resorting to parol proof. Pomeroy on Spec. Perf., § 161; *Parkhurst* v. *Van Cortlandt,* 1 Johns. Ch., 273; *Ellis* v. *Deadman's Heirs,* 1 Bibb, 466; *Reed's Heirs* v. *Hornback,* 4 J. J. Marsh., 376; *Parrish* v. *Koons,* 1 Parsons's Eq. Cas., 79; *Kendall* v. *Almy,* 2 Sumn., 278; *Colson* v. *Thompson,* 2 Wheat., 336; *Carr* v. *Duval,* 14 Pet., 77.

*G. W. Wheeler* and *H. J. Curtis,* for the appellee, cited the following authorities.

Hodges *v.* Kowing.

1. As to the objection that the plaintiff had adequate remedy at law.   Waterman on Specific Performance, § 15; 2 Swift's Dig., 16; *Whitney* v. *New Haven*, 23 Conn., 624; *Munson* v. *Munson*, 30 id., 425; *Quinn* v. *Roath*, 37 id., 16; *Old Colony R. R. Co.* v. *Evans*, 6 Gray, 25; *Richmond* v. *Gray*, 3 Allen, 25; *Hayes* v. *Harmony Grove Co.*, 108 Mass., 400; *Park Comrs.* v. *Armstrong*, 45 N. York, 34; *Jenkins* v. *Fahey*, 73 id., 355; *Bensel* v. *Gray*, 80 id., 517; *Hopper* v. *Hopper*, 16 N. Jer. Eq., 147; *Richardson* v. *Green*, 23 id., 536; *Cathcart* v. *Robinson*, 5 Pet., 64.

2. As to the objection that the contract was not mutual. Snell's Eq., 455; Fry on Spec. Perf., (2d Am. ed.,) § 297; *Sage* v. *Wilcox*, 6 Conn., 81; *Potter* v. *Tuttle*, 22 id., 513; *Packard* v. *Richardson*, 17 Mass., 122; *Old Colony R. R. Co.* v. *Evans*, 6 Gray, 33; *Richardson* v. *Green*, 23 N. Jer. Eq., 536.

3. As to the objection that the contract was too uncertain to be enforced, because it could not be understood without resorting to parol proof.   Pomeroy on Spec. Perf., §§ 159, 161; Waterman on Spec. Perf., § 152; Fry on Spec. Perf., § 361; *Nichols* v. *Johnson*, 10 Conn., 192; *Annan* v. *Merritt*, 13 id., 478; *Atwood* v. *Cobb*, 16 Pick., 227; *Hurley* v. *Brown*, 98 Mass., 545; *Grace* v. *Dennison*, 114 id., 16; *Mead* v. *Parker*, 115 id., 413; *Slater* v. *Smith*, 117 id., 96; *Fish* v. *Hubbard*, 21 Wend., 652; *Robeson* v. *Hornbaker*, 3 N. Jer. Eq., 6 ; *Andrews* v. *Bell*, 56 Penn. St., 343; *Smith's Appeal*, 69 id., 474; *Colerick* v. *Hooper*, 3 Ind., 316; *Torr* v. *Torr*, 20 id., 118; *Matteson* v. *Scofield*, 27 Wis., 671; *Barry* v. *Combe*, 1 Pet., 640; *Salmon Falls Manuf. Co.* v. *Goddard*, 14 How., 447.

4. As to the objection that there was not "about fifteen acres of land."   Fry on Spec. Perf., §§ 437, 457; Pomeroy on Spec. Perf., § 352; *Winch* v. *Winchester*, 1 Ves. & B., 375; *Western R. R. Co.*, v. *Babcock*, 6 Met., 346; *Noble* v. *Googins*, 99 Mass., 231, 235; *Faure* v. *Martin*, 7 N. York, 210; *Johnson* v. *Taber*, 10 id., 319; *Veeder* v. *Fonda*, 3 Paige, 94; *Morris Canal Co.* v. *Emmett*, 9 id., 168; *Jones* v. *Plater*, 2 Gill, 125; *Phipps* v. *Buckman*, 30 Penn. St., 401; *Figg* v.

*Mayo*, 39 Cal., 262; *Stebbins* v. *Eddy*, 4 Mason, 414; *Brawley* v. *U. States*, 96 U. S. R., 168.

BEARDSLEY, J.   On the 17th day of August, 1887, the defendants entered into the following contract with the plaintiff:—

"Stratford, August 17th, 1887.

"We agree to purchase of P. H. Hodges his place in Stratford, Conn., containing fifteen acres, more or less, for the sum of nine thousand five hundred dollars; to pay six thousand cash and three thousand five hundred on bond and mortgage for one year; to take title immediately, and possession on the first of January, 1888; and have paid him one hundred dollars on account.

"EDWIN W. KOWING,
"ELIZA KOWING."

No writing relating to the contract was signed by the plaintiff.   The court below, upon the petition of the plaintiff, decreed that the defendants should specifically perform the contract, from which decree they appeal to this court.

They claim that under the statute of frauds the plaintiff was not bound by the contract, not having signed any memorandum of it, and hence that it should not, in equity at least, be enforced against them ; and make this claim the ground of one of their reasons of appeal.

.The statute requires only that the written agreement shall be "signed by the party to be charged therewith." The defendants rely upon certain cases as authority for their claim and among others upon the cases of *Benedict* v. *Lynch*, 1 Johns. Ch., 370, and *Lawrenson* v. *Butler*, 1 Sch. & Lef., 13.

Both of these cases are in accord with the claim of the defendants; but the former case is opposed to the numerous decisions in the state of New York on the same subject, and the latter case to nearly all the English decisions.

In the case of *Clason* v. *Bailey*, 14 Johns., 484, Chancellor KENT, after reviewing the New York decisions, says that "it is sufficient if the agreement is signed by the party to

be charged." In the same opinion he reviews the English decisions up to that time, and adds :—" There is nothing to disturb this strong and united current of authority but the observation of Lord REDESDALE in *Lawrenson* v. *Butler*, 1 Sch. & Lef., 13, who thought that the contract ought to be mutual, and that if one party could not enforce it the other ought not."

The authority of *Lawrenson* v. *Butler* seems not to have been recognized in England. The more recent decisions in that country are referred to in Benjamin on Sales, vol. 1, secs. 254, 255.

There is still some conflict in the decisions in this country, but the weight of authority is that the statute of frauds is satisfied by the signature to the contract of the party sought to be charged only, whether the suit to enforce it be at law or in equity, and whether it relates to the sale of real or personal estate. *Clason* v. *Bailey*, 14 Johns., 184; *McCrea* v. *Purmont*, 16 Wend., 460; *Richardson* v. *Green*, 23 N. Jer. Eq., 536; *Old Colony R. R. Co.* v. *Evans*, 6 Gray, 33 ; *Sutherland* v. *Briggs*, 1 Hare, 34.

We think that there is not sufficient ground for this reason of appeal.

Another reason of appeal is—" that the specific execution of the contract should not have been decreed because it is too uncertain to be enforced, inasmuch as it could not be understood from the writing itself without the necessity of resorting to parol proof."

No objection seems to have been made to the contract when it was offered in evidence and therefore the objection now made, that it is void upon its face, comes too late to be entitled to consideration. But the claim if seasonably made would have been unfounded.

The defendants do not specify in their reasons of appeal, or in their brief, the particulars in which they claim that the contract is deficient in certainty. We suppose their claim to be that the statement of the location of the land is too indefinite to satisfy the requirement of the statute of frauds. If the only description of the land had been "fifteen acres,

more or less, in the town of Stratford," there would have been force in this claim, though according to the decisions of courts of high authority such a description might have been applied to the land intended by it by extrinsic evidence:

In the case of *Hurley* v. *Brown*, 98 Mass., 545, the only description in the contract of the property agreed to be conveyed was " a house and lot on Amity Street." The court admitted evidence that there was only one house and lot on Amity Street which the defendant had a right to convey, and that the parties had been in treaty for the purchase and sale of it, and that the subject matter of the contract might be thus identified. See also *Mead* v. *Parker*, 115 Mass., 413; *Robeson* v. *Hornbaker*, 3 N. Jer. Eq., 60.

In the present case the court finds that the plaintiff owned no other real estate in Stratford, and that the same was occupied by him as a homestead and residence. But we think that the description of the land in this contract is so definite as not to require a resort to extrinsic evidence to identify it, other than such as is always necessary to apply a description of real estate to the premises described.

The language of the contract is—" We agree to purchase of P. H. Hodges his place at Stratford, containing fifteen acres, more or less." The import of the word " place " in this connection is reasonably certain. Its popular and correct meaning, as thus used, is the place where one resides— his homestead. Webster's Dict.,—*in verbum.*

The court finds that the plaintiff told the defendants, before they signed the contract, that the place contained about fifteen acres, and that this statement was made in good faith. The defendants assign as a reason of appeal that ".there was not about fifteen acres of land."

It is enough to say that the court does not find that there were not fifteen acres in the place, but evidently declined to make such a finding.

The defendants introduced the recitals in two deeds as evidence of the quantity of land in the place. One was the deed to the plaintiff of the land, in which was added to the

description of the quantity of land the words " more or less," and the other was a conveyance of a small strip of the land to a railroad company, specifying the quantity conveyed. Except for the words " more or less " in the deed to the plaintiff it would have appeared that there was a fraction of an acre less than fifteen acres in the piece.

The court, referring to this evidence, says—" There was no evidence as to the exact quantity of land except the recital in said deeds." It properly regarded those recitals as inconclusive evidence.

The remaining reason of appeal is that the plaintiff had adequate remedy at law. The defendants claim that the equitable jurisdiction of the courts in this state was restricted by the provision in the old statute last found in the revision of 1875, p. 413, sec. 5, that " courts of equity shall take cognizance only of matters in which relief cannot be had in the ordinary course of law ;" and that that provision is still in force.

It is unnecessary to inquire whether that provision has not, as the plaintiff claims, been since repealed by the practice act passed in 1879, because, in our view, it did not have the restrictive effect claimed for it. A similar claim was made by the defendant in the case of *Munson* v. *Munson*, 30 Conn., 425, and the court say the provision referred to " is simply an affirmance of a well-settled rule of equity." The rule of equity is thus stated by Judge SWIFT :—" It is a leading principle that equity will not interpose where there is an adequate remedy at law. It is not sufficient that there is a remedy, but it must be as complete and beneficial as the relief in equity." 2 Swift's Dig., chap. 1, sec. 1.

In the action at law for the breach of the contract the plaintiff could only recover the excess if any of the sum agreed to be paid for the land above its market value when the contract was to be performed. Such a remedy is manifestly inadequate, and courts of equity therefore hold, as a general rule, that when a contract for the sale of real estate has been fairly entered into, the party contracting to sell, as well as the party contracting to buy, is entitled to have it specifically performed.

The cases on this question are all one way. It is true courts of equity have, in the exercise of their discretion, refused to apply the rule in certain cases where it would be productive of hardship or inconvenience. The court did so in the case of *Whitney* v. *City of New Haven*, 23 Conn., 624. In that case the city had contracted to purchase from the plaintiff land and water rights for the purpose of providing a water supply, and afterwards voted to abandon the project contemplated by the purchase. The court dismissed the bill for a specific performance, but remark as follows in their opinion:—" As a general rule, where a purchaser of real estate can come into a court of equity to obtain a deed of it, the vendor can come there to get his money which was agreed to be paid; but the rule is not universally true, and should not be applied, we think, where it will do unnecessary mischief to one of the parties."

In the present case the contract appears to have been fairly made, and is subject to the general rule of equity.

There is no error in the judgment complained of.

In this opinion the other judges concurred.