J. C. KEEPERS, *Appellee*, v. ELLIOTT D. YOCUM *et ux.*,
*Appellants.*

No. 16,986.

SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE — *Defective Description Cured by Purchaser's Possession.* In an action for the specific performance of a contract for the conveyance of land, where the vendor in the contract described the land as "his 114 a. in Vernon county, Missouri," *held,* that the defective description was cured by putting the purchasers in possession, and that the parties by their own conduct under the contract rendered certain what might otherwise be deemed uncertain.

2. ———— *Estoppel of Purchaser in Possession and Receiving Income to Set up Defective Title.* In such an action, where it appeared from the evidence that the purchasers were placed in possession of the land under the contract and continued in the possession until after the action was brought, and received the owner's share of the crops raised on the land after they knew the condition of the legal title, they were estopped from setting up alleged defects in the title, where it further appeared at the trial that the plaintiff was able to convey a title free from doubt.

3. ———— *No Provision for Record Title—Adverse Possession.* Where a contract for the conveyance of lands makes no provision that the vendor shall furnish a good record title, the vendee may be compelled to accept a title depending upon adverse possession when free from doubt.

4. ———— *Outstanding Liens — Satisfaction Out of Purchase Money.* In an action for specific performance, where there are liens of an inconsiderable amount upon the land, which the court provides shall be discharged out of the purchase money, the vendee has no cause to complain.

5. ———— *Shortage in Amount of Land Contracted for—Ratable Reduction of Purchase Price.* In such an action, where the contract calls for the conveyance of 114 acres and it is claimed there is a deficiency amounting to two and a half acres, which it appears is of small importance and not material to the purchaser's enjoyment of that which may be conveyed, the court will decree specific performance with a ratable deduction of the purchase money by way of compensation.

Appeal from Johnson district court.    Opinion filed April 8, 1911.    Affirmed.

## STATEMENT.

THIS is an appeal from a judgment decreeing the specific performance of a written contract for the exchange of property.    The court made very full and complete findings of fact, from which it appears that the appellee was, on the 9th day of June, 1908, the equitable owner and in the peaceable possession of a tract of land in Vernon county, Missouri, the legal title of which stood in the name of Florence N. Briggs, his bookkeeper.    At the same time the appellants were the holders of a certain bond for a deed, entitling them to a conveyance of certain land in Kansas upon the payment of the sum of $112.    At the time mentioned the parties entered into a written contract of which the following is a copy:

"J. C. Keepers agrees to deed or cause to deed his 114 a. in Vernon county, Missouri, subject to encumbrance of $2500 and accrued interest, to Clara B. Yocum; also to give said Yocum two horses, one set of harness, one cultivator, one mower, one plow.    The said Yocum and her husband agrees to give J. C. Keepers $500 cash in fifteen days, and to give a deed of trust to J. C. Keepers for $2000, to be paid as follows: $2000 in six years, six per cent interest, on the above described land.    The said Yocums, in consideration of the above, has assigned bond for deed to J. C. Keepers.

J. C. KEEPERS.
CLARA B. YOCUM.
E. D. YOCUM.

"Olathe, Kan., June 9, 1908."

The court further found from the evidence that the contract was fairly made, without fraud or misrepresentation; that on or about the 19th day of June, 1908, the appellants were placed in the actual possession of the land in Missouri by the appellee, who at the same time delivered to them the personal property mentioned in the contract, and paid the obligor in the bond for a

deed to the Kansas land the sum of $112 and obtained a conveyance to himself of the legal title to the Kansas land; that at the time the Yocums took possession of the Missouri land Elliott D. Yocum had information which induced him to believe there was a flaw in the title, notwithstanding which he entered into a contract with the tenant to cultivate the crops, consisting of wheat and corn, and to gather the fruit then growing on the land upon shares; that on or about the 22d day of June, 1908, the appellee offered to the appellants a deed to the land in Missouri, executed by Florence N. Briggs, with full covenants of warranty except as to encumbrances amounting to $2500 and accrued interest, which the appellants refused to accept; that about the first day of July, 1908, the appellants requested the appellee to obtain, at their expense, an abstract of title to the Missouri land; that the appellee, acting for their accommodation, furnished them such an abstract; that afterward, when the appellants knew that the appellee was expecting them to accept the deed tendered, and after they knew of certain alleged defects in the title, the appellants retained the possession of the Missouri land and sold a part of the personal property described in the contract, received the proceeds thereof, and also the proceeds of the sale of the crops raised on the land. The court found that the title to the Missouri land tendered by the appellee was a marketable one, the principal objections thereto resting upon the fact that two tax deeds had been issued upon the land in 1871, but that the grantor under whom the appellee claimed title had been in the actual, peaceable possession of the land for more than thirty years. The court made a further finding that there was a small judgment in favor of the R. J. Hurley Lumber Company, amounting to $25, which was an apparent lien upon the Missouri land.

As conclusions of law the court found that the appellants were not entitled to have the contract re-

scinded, as prayed for in their cross-petition; that the appellee was entitled to a decree for the specific performance of the contract, subject to an abatement of the purchase price in the sum of $25, the amount of the lien of the R. J. Hurley Lumber Company. In the decree the court required the appellee to take the legal title to the Missouri land to himself, and then to convey the same to the appellants by warranty deed with full covenants, subject to an encumbrance of $2500 and accrued interest, and required the appellants to abate from the amount due them the further sum of $125 as compensation for the alleged failure of title to two and one-half acres of the Missouri land.

*H. L. Burgess,* and *I. O. Pickering,* for the appellants.
*F. R. Ogg,* and *S. D. Scott,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The first contention is that the contract is void under the statute of frauds, because the Missouri land is not more definitely described in the memorandum. The language of the contract is as follows: "J. C. Keepers agrees to deed or cause to deed his 114 a. in Vernon county, Missouri, subject to encumbrance of $2500 and accrued interest." The appellants rely upon the case of *Hampe v. Sage,* 82 Kan. 728, where the land was described as "seven hundred and sixty acres located in Pottawatomie county, Oklahoma" (p. 729), and a petition declaring upon a contract for the conveyance of land thus described was held demurrable. The two cases are quite dissimilar. The memorandum there contained no statement that the land was owned by the vendor. Here the memorandum in substance describes the land as 114 acres in Vernon county, Missouri, belonging to J. C. Keepers. In *Hampe v. Sage* the familiar principle is recognized that parol evidence is admissible to apply the description, but not to supply it; but the doctrine is likewise recognized that a very

indefinite description will be held sufficient if it states that the land belongs to one of the parties and it is shown from outside evidence that such party owns but one tract of this kind or character, citing *Bacon v. Leslie,* 50 Kan. 494; *White v. Breen,* 106 Ala. 159; *Hurley & another v. Brown,* 98 Mass. 545; and 20 Cyc. 271. (See, also, *Hollis v. Burgess,* 37 Kan. 487.)

For another reason the appellants' contention must fail. A defective description of land in a contract of this kind may be cured by putting the purchaser in possession; that is, the parties may by their own conduct under the contract render certain what might otherwise be deemed uncertain. (*Brown v. Ward,* 110 Iowa, 123; *Work v. Welsh,* 160 Ill. 468; *The Ottumwa, Cedar Falls & St. Paul R'y Co. v. McWilliams et al.,* 71 Iowa, 164; *Engle v. White,* 104 Mich. 15; 36 Cyc. 595, and cases cited in note.) The finding of the court, which appears to be sustained by the evidence, is that the appellee placed the appellants in possession of the land in Missouri within a few days after the contract was entered into, and they continued in the possession thereof until this action was brought. They disposed of a team of horses and other personal property included in the contract, received the owner's share of the crops raised on the land, and did all of these things after they knew that the legal title to the land stood in the name of Florence N. Briggs, and also after they knew that there were certain apparent defects in the title of the appellee which required attention.

We think the evidence warranted the finding of the court that there was no fraud or misrepresentation on the part of the appellee concerning any matter which induced the making of the contract. The particular fraud relied upon in the cross-petition is that the appellee represented himself to be the owner of the Missouri land when in fact the legal title stood in Florence N. Briggs, and that there were liens upon the land in addition to the trust deed mentioned in the contract.

He was, however, as the court found, the equitable owner, and it made no difference to the appellants where the legal title stood at the time the contract was made, because the contract provides that the appellee will either deed or cause to be deeded the land to the appellants.

Nor can the appellants justify their refusal to perform their contract because there was a small lien upon the land which was not mentioned in the contract. The court's decree protects them by providing for the satisfaction of this lien. The encumbrance being discharged out of the purchase money, the appellants have no cause to complain. (*Guild v. Railroad Co.*, 57 Kan. 70; 36 Cyc. 739.)

In fact, the appellants' conduct in taking and retaining possession of the land after they knew the condition of the title is an answer to all the objections which they make to the performance of the contract. It is claimed that there was a shortage in the land. In the opinion of the trial court there was no shortage shown by the evidence. The appellants claimed, however, a deficiency of two and a half acres, which the court held to be inconsiderable compared with the number of acres contracted for, but in the decree protected the appellants by abating the purchase price in the sum of $125 as full compensation for the alleged deficiency. The action of the court in this respect was in accordance with firmly established principles of equity. Where, in actions of this character, the title proves defective to an inconsiderable part the court will decree specific performance with a ratable deduction of the purchase money by way of compensation. (Maupin Mark. Tit. Real Estate, 2d ed., § 325; 36 Cyc. 738, and cases cited in note 66.)

The contract entered into between the parties makes no provision for the furnishing of an abstract of title, nor does it provide that the appellee shall furnish a good record title. In such cases it has been frequently

held that the vendee may be compelled to accept a title depending upon adverse possession, when free from doubt. (*Tewksbury v. Howard et al.*, 138 Ind. 103, 110; *Stevenson et al. v. Polk et al.*, 71 Iowa, 278; *Conley v. Finn*, 171 Mass. 70; 36 Cyc. 641.)

There are some objections to the manner in which the appellee's title to the land was established by the proof, but in view of the real issues raised by the pleadings and the theory upon which the case was tried these are not regarded as affecting the substantial rights of the parties.

The judgment is affirmed.