THOMAS J. McMAHON *vs.* BURTON H. PLUMB.

Third Judicial District, New Haven, June Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Declarations of the agent of the vendor of real estate, made to induce the vendee to purchase, are admissible in evidence in an action against the vendor for the specific performance of the contract.
Evidence as to what the owner paid for the entire tract of land, which included the land in suit, is relevant upon the question of its fair market value. But the exclusion of such testimony is harmless if better and more reliable evidence upon that point was obviously before the court and formed the basis of its finding as to value.

A ruling excluding evidence offered for one purpose cannot be attacked on appeal because the evidence might have been admissible had it been offered for another and different purpose.

The specific performance of a written agreement for the sale of real estate will not be decreed unless the property is described with reasonable certainty, either in the writing itself or by reference therein to records, maps or facts, in proof of which resort may be had to extraneous evidence, whether oral or written.

In the present case the land was described in the written agreement as "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut, to which reference may be had for a more particular description." As matter of fact no such map was in existence, and the defendant owned several lots at Walnut Beach. *Held* that this description, while apparently sufficient and therefore proof against a demurrer directed to that point, was, because of the nonexistence of the map and the ownership of other lots, fatally uncertain and indefinite.

Payment, even of the full consideration, for land sold, does not amount to such an act of part performance as will take the case out of the statute of frauds.

The plaintiff offered evidence that the defendant had pointed out to him, while on the ground, the bounds of lot No. 1 as having a frontage of ninety feet on Beach Avenue. *Held* that this evidence was not admissible to supplement and make certain the defective description of the written agreement, nor did the acts of the parties prior to the execution of the writing tend to identify lot No. 1 or apply the written description to the land.

Argued June 2d—decided November 10th, 1914.

ACTION for the specific performance of an agreement to sell and convey certain real estate, and for damages, brought to and tried by the District Court of Waterbury, *Meigs, Deputy-Judge;* facts found and judgment rendered for a specific performance, and appeal by the defendant. *Error and cause remanded.*

The complaint alleged that on October 18th, 1910, the plaintiff and defendant entered into a written contract (Exhibit A) for the purchase and sale of a lot of land described therein as "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut, to which reference may be had for a more particular description of said lot;" that this

lot had a frontage of one hundred feet on Milford Point Road and ninety feet on Beach Avenue, its opposite sides being equal and parallel; that the plaintiff had carried out the terms of the contract, and the defendant had not executed the deed of said lot as agreed. The complaint claimed a decree for a specific performance of the contract, and for $500 damages.

The defendant's answer admitted the execution of the contract, denied that the lot was as described in the complaint and that the plaintiff had performed his part of the contract, and denied that the defendant had not executed the conveyance as agreed.

In a special defense the defendant pleaded that the lot described in the contract had a frontage of one hundred feet on Milford Point Road and fifty feet on Beach Avenue; that the plaintiff had paid the consideration of the contract but had refused to accept the deed of the same which the defendant had tendered him and was ready to redeliver to him.

The plaintiff replied, admitting the tender and his refusal to accept the deed, and denied the other allegations of the special defense.

The court rendered judgment for the plaintiff, finding all the allegations of the complaint true, and adjudging that the defendant execute and deliver to the plaintiff a warranty deed of said lot, one hundred feet on Milford Point Road and ninety feet on Beach Avenue, free from all incumbrances.

The court made a finding of facts on the appeal as follows: Before the execution of Exhibit A, the plaintiff and defendant met on the premises and the defendant offered to sell to the plaintiff, and then pointed out, the lot described in the complaint, and the plaintiff agreed to purchase the same for $225 to be paid in instalments according to a written contract to be subsequently executed by the parties, and thereafter Ex-

hibit A was executed and delivered pursuant to this agreement.

About a month or six weeks after the defendant purchased the land at Walnut Beach, he prepared a rough sketch of it and subdivided it into nine thirty-foot lots fronting on Beach Avenue, and numbered from one to nine. No map of these lots, or of the defendant's land at Walnut Beach, or of lot No. 1, was ever on file in the Town Clerk's office in Milford, and no map or sketch was shown by the defendant to the plaintiff until he demanded the deed, when the defendant showed him said sketch of these premises containing lot No. 1 having a frontage of thirty feet on Beach Avenue. When the plaintiff had fully paid for the lot he demanded a deed of the same, and the defendant tendered him a deed of a lot with a frontage of thirty feet on Beach Avenue, which the plaintiff refused to accept.

*James A. Peasley,* with whom was *Clayton L. Klein,* for the appellant (defendant).

*Michael J. Byrne,* for the appellee (plaintiff).

WHEELER, J. The claim for a correction of the finding as to the size of the lot pointed out by the defendant to the plaintiff is without merit.

The objections to the testimony of Mrs. Phelan, upon the ground that the defendant cannot be bound by her statements made to the plaintiff, were not well taken. Her agency was fully established by the evidence.

The question asked of the defendant by his counsel, "How much did you pay for the whole tract?", should have been admitted for what it was worth, as relevant evidence of the fair market value of the tract of which lot No. 1 was a part. The ruling was not a material

error, since better evidence of the market value of this tract and of lot No. 1 was easily available, and evidently was before the court, as it has found, from the evidence of defendant's witnesses, the fair market value of a lot thirty feet on Beach Avenue and one hundred feet on Milford Point Road to be between $200 and $250.

Complaint is made of the exclusion of the question asked the defendant on his direct examination, "Have you sold the other lots?" The other lots referred to the tract of which lot No. 1, as claimed by the defendant, was a part. The question was claimed for the purpose of showing the good faith of the defendant. He now claims the evidence was admissible because the answer might have shown that the sale of the land made it impossible to decree specific performance of a contract to sell a lot with a frontage on Beach Avenue of ninety feet. No such claim was made on the trial, and it is now too late to make it.

Error is assigned that the court has found, without evidence, the average depth and width of lot No. 1, and that the legal title to it was at the time of the trial in the defendant. These were legitimate inferences from the facts in evidence.

Upon the trial the defendant claimed that the facts did not warrant a judgment decreeing specific performance of Exhibit A, but that the judgment should be for the defendant. The foundation of both claims was that the land was so indefinitely described in the contract as to make it unenforceable in equity. The description of the land conveyed in Exhibit A was, "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut."

Reasonable certainty in the description is an indispensable prerequisite for the enforcement by way of specific performance of a contract to convey land. *Hurd* v. *Hotchkiss*, 72 Conn. 472, 480, 45 Atl. 11. And

the element of certainty is a rule of equity equally applicable, whether the contract be verbal or written. Waterman on Specific Performance (Ed. 1881) § 254. The description is sufficiently definite whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written. *Hodges* v. *Kowing*, 58 Conn. 12, 18 Atl. 979; *Nichols* v. *Johnson*, 10 Conn. 192; *Hurley* v. *Brown*, 98 Mass. 545; *Eaton* v. *Wilkins*, 163 Cal. 742, 127 Pac. 71; *Romans* v. *Langevin*, 34 Minn. 312, 25 N. W. 638; *Troup* v. *Troup*, 87 Pa. St. 149; *Colerick* v. *Hooper*, 3 Ind. 316; 2 Beach on Equity Jurisprudence, § 583; 36 Cyc. 593. Evidence would therefore have been admissible to prove the contents of the map referred to in Exhibit A, and thus, by reference to the map, lot No. 1 might have been identified and the description of the lot made certain. But no such map was on file, nor did any map or sketch of lot No. 1 exist at or before the execution of Exhibit A. Acts done in part performance might have taken the case out of the statute of frauds, if these had been done in pursuance of the contract and had changed the situation of the parties to the contract, as, for example, actual possession taken of, or valuable improvements made upon, the land purchased, or both combined. 4 Pomeroy on Equity Jurisprudence (3d Ed.) § 1409; *Wainwright* v. *Talcott*, 60 Conn. 43, 52, 22 Atl. 484; *Smith* v. *Peterson*, 71 W. Va. 364, 76 S. E. 804. Acts such as these would, in themselves, have made the description certain and cured its indefiniteness. *Keeperc* v. *Yocum*, 84 Kan. 554, 557, 114 Pac. 1063; *Ottumwa, C. F. & St. P. Ry. Co.* v. *McWilliams*, 70 Iowa, 164, 168, 32 N. W. 315.

The record does not disclose any acts amounting to part performance; possession was not taken, nor im-

provements made by the purchaser. Payment, even of the full consideration, as in this case, does not amount to an act of part performance taking the case out of the statute of frauds. *Lester* v. *Kinne*, 37 Conn. 9, 14; *Kimberly* v. *Fox*, 27 Conn. 307; 36 Cyc. 650. In Delaware and Maine, and perhaps in a few other States, the rule is different; elsewhere it accords with our rule.

As the description of lot No. 1 in this complaint was, upon its face, capable of being made definite had the map referred to been on file and had there been delineated upon it this lot, the complaint was not demurrable. The defendant was ready to deed the plaintiff a lot having a frontage of thirty feet on Beach Avenue; the plaintiff claimed the lot was to have a frontage of ninety feet. In the effort to support his claim, the plaintiff offered evidence, as he was entitled to, of all the facts leading up to the sale, including the fact that the defendant had pointed out to him, on the ground, the bounds of lot No. 1 as having a frontage of ninety feet on Beach Avenue. The evidence was not offered in order to make the description of the land in the contract certain, nor has the plaintiff's counsel, either in brief or argument, made any such claim. What the parties did preceding the execution of the contract does not tend to identify lot No. 1 nor to apply the description. For such purpose oral evidence to avoid the bar of the statute of frauds would have been inadmissible. All authorities so hold. The description might have been made certain had the plaintiff been able to prove that the defendant had only one lot at Walnut Beach. *Hodges* v. *Kowing*, 58 Conn. 12, 18 Atl. 979; *Hurley* v. *Brown*, 98 Mass. 545; *Mead* v. *Parker*, 115 Mass. 413, 415; *Slater* v. *Smith*, 117 Mass. 96, 98; *Troup* v. *Troup*, 87 Pa. St. 149; *Keepers* v. *Yocum*, 84 Kan. 554, 557, 558, 114 Pac. 1063; *Colerick* v. *Hooper*, 3 Ind. 316. The note to *Atwood* v. *Cobb*, 26 Amer. Dec. 665, 666 (16 Pick.

227, 33 Mass.), contains numerous instances where courts have permitted indefinite descriptions to be made definite by extraneous evidence. Lot No. 1 was not the only lot the defendant owned at Walnut Beach; he owned a tract having a frontage of two hundred and seventy feet on Beach Avenue. When the reference to the map is eliminated from Exhibit A, the entire description is, "Lot No. 1 . . . at Walnut Beach." A description of that character, where it does not appear that the seller owned only one lot in this location, is fatally indefinite. We cite a few of the many instances in the decisions of descriptions too indefinite to support specific performance. "Our land of 1060 acres," so described in a contract dated "Wilkins Ranch, September 22nd, 1909." *Eaton* v. *Wilkins*, 163 Cal. 742, 127 Pac. 71. "Part of lot No. 200 in the sixth district and second section of said county, containing fifteen acres more or less." *Clayton* v. *Newberry*, 138 Ga. 735, 76 S. E. 63. "In DeKalb county, being part of lot No. 150 and lot 159, containing 160 acres more or less." *Estes* v. *Winn*, 136 Ga. 344, 71 S. E. 470. "One hundred (100) acres of . . . land . . . in Fayette county, Illinois," where there were 600 acres owned by the person referred to. *Wetmore* v. *Watson*, 253 Ill. 88, 97 N. E. 237.

The defendant was entitled to have had his claim, that upon the facts specific performance could not be decreed, sustained.

There is error and the cause is remanded.

In this opinion the other judges concurred.