[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 26, 1988 and for a considerable time prior thereto the defendant, Anthony Korytko, was the owner of property on Cedar Lake in Bristol, Connecticut. Korytko subdivided the property into eight building lots. As there was a paucity of lakefront property in Bristol at the time, the eight lots were very desirable. On July 26, 1988 the plaintiff, Philip DePasquale, and the defendant entered into a contract under the terms of which DePasquale agreed CT Page 5414 to purchase lot 8 in the subdivision for $220,000. The contract was handwritten on the office stationery of DePasquale, signed by both parties, and stated:
 I accept this $5,000 check #135 as a deposit from Dr. Philip DePasquale as his intent to buy and my intent to sell lot #8 on Kory Lane for 220,000 (Two Hundred and twenty thousand dollars). This sale and deposit is (sic) contingent on Philip DePasquale being able to obtain a morgage (sic) by August 19th, 1988.
It is clear that the contract contained no representations about lot 8 and no contingencies other than the defendant's ability to obtain a mortgage commitment. At trial DePasquale admitted that Korytko made no representations about lot 8 prior to the execution of the contract. Nevertheless, the plaintiff here seeks to recover from the defendant for false representations the defendant allegedly made concerning the height of the roadway which was to be constructed adjacent to lot 8 and the other lots in the defendant's subdivision.
Prior to the closing, which occurred on October 3, 1988, both the plaintiff and the defendant retained attorneys to represent them. The plaintiff retained attorney Timothy Furey. At trial attorney Furey admitted that he was aware of his client's concerns regarding the road elevation prior to the closing. He was also aware that the town of Bristol had approved a plan for road construction and that the plans for the roads, which contained the elevation of the roadway after construction, were available at the Bristol Town Hall. Attorney Furey could have seen the elevation of the roadway for himself prior to the closing, but on the day he went to the Bristol Town Hall to do his title search the plans showing the roadway were unavailable and he, apparently, made no further attempts to view the plans prior to the closing.
At the closing the parties executed a written pinning agreement but Attorney Furey did not request anything in writing concerning the elevations of the roadway. He also failed to ask the defendant's attorney, Edward Krawiecki, for a copy of the road plans at the closing.
The court finds that neither Korytko, nor his attorney made any false representations about the height of the roadway in question at the closing or at any time prior thereto. CT Page 5415
Even if Korytko had made a false representation about the roadway height at the time of the closing, he would not be liable to the plaintiff. The elements of an action for fraudulent misrepresentation are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. Mitchell v. Mitchell, 31 Conn. App. 331,625 A.2d 828 (1993); Billington v. Billington, 220 Conn. 212,217, 595 A.2d 1377 (1991); Maturo v. Gerard, 196 Conn. 584,494 A.2d 1199 (1985); Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970). The plaintiff claims that the misrepresentations were made at the closing. Prior to the closing he had signed a contract to purchase lot 8. The contract contained no representations about the height of the roadway and Korytko had made no such representations prior to closing. The plaintiff cannot say he purchased lot 8 in reliance on the representations because he had already agreed to purchase the lot and came to the closing prepared to do so.
If the defendant had made representations about the height of the roadway at closing, the Statute of Frauds, Connecticut General Statutes § 52-550, would also preclude the plaintiff's claim. That statute provides, in pertinent part:
 No civil action may be maintained in the following cases unless the agreement, or memorandum of the agreement, is made in writing and signed by the party or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property.
The plaintiff's claim that his purchase of the property constituted part performance sufficient to take the representations out of the Statute of Frauds is incorrect. It is generally held that partial or even full payment of the purchase price for the sale of land does not take the case out of the Statute of Frauds.Santoro v. Mack, 108 Conn. 683, 691, 145 A. 273 (1929); McMahon v.Plumb, 88 Conn. 547, 553, 92 A. 113 (1914); Kimberly v. Fox,27 Conn. 307, 316 (1858). The acts of part performance must be of such a character that they can be reasonably accounted for in no other way than by the existence of the oral contract or representation in question. Rutt v. Roche, 138 Conn. 605, 608, 87 A.2d 805 (1952).Breen v. Phelps, 186 Conn. 86, 439 A.2d 1066 (1982). The plaintiff's purchase of the property can be reasonably accounted CT Page 5416 for as an action relating to the real estate contract he entered into with the defendant. Therefore, the plaintiff's purchase of the property is clearly insufficient to take the alleged oral representations out of the Statute of Frauds.
Based on the foregoing, judgment may enter on the First Count of the complaint in favor of the defendant, Anthony Korytko. The Second Count of the complaint alleges that Korytko's misrepresentations constituted unfair or deceptive acts or practices within the meaning of §§ 42-100a et seq. of the Connecticut General Statutes, the Connecticut Unfair Trade Practices Act (CUTPA). There were no misrepresentations and, therefore, there was no violation of CUTPA and judgment may enter for the defendant on the Second Count of the complaint.
By the Court,
Aurigemma, J.