[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION FOR SUMMARY JUDGMENT #104.00
FACTS
The plaintiff, Tulip Construction, entered into a contract with the defendant, Ann DiLorenzo, to purchase real property located in the town of Litchfield, Connecticut on or about October 5, 1999. The plaintiff alleges that it has, at all times, been ready, willing and able to purchase the property but that the defendant has refused to close. Accordingly, the plaintiff seeks specific performance of the contract.
The defendant moves for summary judgment on the ground that the contract fails to satisfy the statute of frauds, General Statutes § CT Page 1308852-550, because it lacks a legal description of the property to be conveyed and a closing date. The plaintiff filed a memorandum in opposition to the motion.
DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." QSP, Inc. v. The Aetna Casualty Surety Company, 256 Conn. 343, 351 (2001). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citation omitted.) Appleton v. Board of Education ofStonington, 254 Conn. 205, 209 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000). "Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574
(1987).
"No civil action may be maintained . . . unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . upon any agreement for the sale of real property or any interest in or concerning real property. . . ." General Statutes § 52-550. The statute of frauds requires that such contracts "be evidenced by a written memorandum stating the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof . . . and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." (Internal quotation marks omitted.) Lynchv. Davis, 181 Conn. 434, 438 (1980); see also Statev. Hahn, 207 Conn. 555, 562 (1988).
"The requirements of a memorandum of sale to satisfy the statute are well established. . . . It must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing CT Page 13089 certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." Steinlauf v. McCarthy, 11 Conn. Sup. 36, 37
(1942), citing Santoro v. Mack, 108 Conn. 683, 687 (1929).
The primary purpose of the statute of frauds "is to provide reliable evidence of the existence and the terms of the contract. . . ." Heymanv. CBS, Inc., 178 Conn. 215, 221 (1979). "[T]he requirements of the statute can be met either by a single document or . . . by a series of related writings which, taken together, describe the essential terms and conditions of the contract." Id. "Our courts prefer interpretations that find agreements sufficiently definite to satisfy the statute of frauds."Fruin v. Colonnade One at Old Greenwich Limited Partnership,38 Conn. App. 420, 427 (1995), aff'd, 237 Conn. 123 (1996).
The defendant alleges that she owns a 7.492 acre parcel of land on Beach Street in Litchfield. It is alleged that at one time, such property consisted of two parcels of land, one of 5.492 acres and one of 2.000 acres. The property, however, was conveyed to the defendant and her husband as a single parcel.
The contract states that the plaintiff agrees to purchase and the defendant agrees to sell property known as 5.49 acres on Beach Street in the town of Litchfield, Connecticut. A condition of the sale is that the lot must be approved by the town. The contract further states that the seller is to provide a survey map. A map and description of the property were faxed to the plaintiffs attorney by the defendant's attorney, on October 14, 1999, nine days after the contract was signed by the defendant. The description of the property states that the parcel "contains 5.492 acres, more or less." (Revised Complaint dated 10/31/00, Exhibit B.) The map, while showing the entire parcel, has a hand-drawn line marked "assumed lot line." (Revised Complaint dated 10/31/00, Exhibit B.) The portion to the right of such line is hand-labeled "F-2-B" and underneath is handwritten 5.492 AC.
The parties to the case of Montanaro Brothers Builders, Inc. v. Snow,190 Conn. 481 (1983), executed an option agreement whereby the plaintiff was to purchase a portion of a seventy-three acre parcel of land, the other portion was to be retained by the defendants. There, the Supreme Court affirmed the trial court's conclusion that the agreement was unenforceable because of uncertainty in the description of the property to be retained by the defendants. Id., 485. "[T]here was no way to ascertain the location of the defendant sellers' retained homestead and six acres. The [trial] court impliedly rejected the plaintiffs' claim that the parties intended to confer upon the plaintiffs the right to select the real estate to be excluded." Id., 486. CT Page 13090
McMahon v. Plumb, 88 Conn. 547 (1914), involves a situation where the subject property was described in the contract as "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut, to which reference may be had for a more particular description." Id., 548. The Supreme Court held that because the referenced map was not in existence, the description was not sufficiently certain and definite to grant the plaintiff the relief requested. Id., 553.
The present case is distinguishable from both Montanaro BrothersBuilders, Inc. v. Snow and McMahon v. Plumb. While there may be some doubt as to whether the property address alone, as stated in the contract, is sufficient to satisfy the statute, the original contract signed by the parties makes reference to the survey map.[1] The map clearly presents the location of the property to be conveyed and was provided to the plaintiff by the defendant's attorney on October 14, 1999. A detailed property description was also provided to the plaintiff by the defendant. The survey map and description are among the series of related writings to be considered in reliably determining the terms of the contract between the parties. "It is fundamental in contract law and in achieving mutuality of assent that parties to a contract may incorporate into their agreement the terms and conditions of another document by reference." Loomis Loomis, Inc. v. Stecker ColavecchioArchitects, Inc., 6 Conn. App. 88, 91 (1986). Viewing the evidence proffered in the manner most favorable to the non-moving party, the plaintiff, and preferring an interpretation of the contract that satisfies the statute of frauds, the court finds that the description of the property to be conveyed is adequate to satisfy the statute.
The defendant also claims that the contract fails to satisfy the statute of frauds because no closing date is stated. "The statute of frauds requires that the essential terms and not every term of a contract be set forth therein. . . . The essential provisions of a contract are the purchase price, the parties, and the subject matter for sale." Fruinv. Colonnade One at Old Greenwich Limited Partnership, supra.38 Conn. App. 426. "A memorandum does not satisfy the statute of frauds if it lacks essential terms concerning the performance contemplated by the contract. . . . However, [t]he mere absence of a time for performance in a contract of sale does not ordinarily make it unenforceable, because the law will imply a reasonable time for performance if none has been specified." (Brackets in original; citations omitted; internal quotation marks omitted.) Christophersen v. Blount, 216 Conn. 509, 511 (1990). Additionally, the contract provides for the closing to take place "at seller's convenience." "[T]he language of a contract is typically construed most strongly against the party whose language it is and for CT Page 13091 whose benefit it was inserted." Sturman v. Socha, 191 Conn. 1, 9 (1983). The meaning of this term raises an additional issue of fact.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
Agati, J.