## MAX KAHN,

### *vs.*

## HARRY ORENSTEIN,

### *New Castle, June* 3, 1921.

The general rule is that a Court of Chancery will not enforce part only of an indivisible contract, since a contract must be enforced completely if at all, and so as to secure substantially all that the parties contracted for at the time of the agreement.

A contract for the sale of real estate containing combined store and dwelling house and for the fixtures and stock was divisible into three parts, or at least the agreement as to the stock was severable from the other two subject-matters.

Divisibility of contracts depends largely on the character of the consideration; if it be single, the contract covering several matters is entire; but, if it is expressly or by necessary implication apportioned, the contract is severable.

Chancery has jurisdiction to decree specific performance of a contract for the sale of land at the suit of the vendor.

The statute which since 1792 has existed in Delaware denying to the Chancellor power to determine any matter wherein sufficient remedy may be had at law is declaratory of a limitation established from ancient times irrespective of statutes.

BILL FOR SPECIFIC PERFORMANCE. The bill was filed by the vendor to require the vendee to specifically perform a contract to purchase real estate situate in the city of Wilmington, consisting of a lot of land at the southwest corner of Twelfth and Lincoln Streets, on which is erected a combined store and dwelling together with the store fixtures and stock of merchandise. The cause was heard on bill, amended bill, answer, testimony of witnesses heard orally by the Chancellor and exhibits, and the facts are sufficiently stated in the opinion of the Chancellor.

*Cales E. Burchenal* and *Charles C. Keedy*, for complainant.

*Aaron Finger*, for defendant.

THE CHANCELLOR. The bill is by a seller of land against the buyer to enforce specific performance of a contract for the sale, signed by the complainant, Max Kahn, and Lillian Kahn, his wife, and by the defendant, Harry Orenstein, the memorandum of agreement being as follows:

"Received of Mr. Harry Orenstein five hundred dollars ($500.00) deposit on property 1900 Penn. Ave., purchase price fourteen thousand dollars ($14,000.00), settlement to be made on or before June 25th 1920.

"Fixtures, seven hundred dollars ($700.00), stock to be paid at market prices.

"Max Kahn.
"Lillian Kahn.

"In case title is not clear deposit to be returned.

Harry Orenstein."

At the time the agreement of sale and purchase contained in the memorandum was made the complainant owned a lot of land at the southwest corner of Twelfth and Lincoln Streets, and on it was erected a combined store and dwelling house, known as No. 1900 Pennsylvania Avenue, though the land did not in fact front on Pennsylvania Avenue. This condition arose because the

southerly side of Pennsylvania Avenue and Twelfth Street running at slightly different courses meet at the southwesterly corner of Lincoln Street and Twelfth Street. · Though a concrete sidewalk had been laid along the southerly side of Pennsylvania Avenue adjacent to the Twelfth Street building line, there were in fact several feet of land owned by the city of Wilmington between the line of the southerly side of Twelfth Street and the southerly side of Pennsylvania Avenue. Therefore, the land of the complainant did not in fact front on Pennsylvania Avenue, though the deed which the complainant took from his grantor and which he tendered to the buyer described the lot as fronting on Pennsylvania Avenue. This did not interfere with the access to the lot.

A deed dated June 25, 1920, was tendered to the defendant describing the land as fronting on Pennsylvania Avenue, and the defendant refused to accept it, but not on account of the inaccurate description and for another reason. In his answer, however, he gave as a reason for refusing to accept the deed that the complainant did not own the small strip of land between the building line of the southerly side of Twelfth Street and the southerly side of Pennsylvania Avenue. For the complainant it was contended that the identity of the property described in the memorandum of the sale as "1900 Penn. Ave." was clearly established by the words quoted; that the defendant at the time the agreement was made knew that the complainant did not own the strip of land; and that the strip was not a part of the property sold as "1900 Penn. Ave."

The testimony sustains the complainant on these points, so that it was made clear that the minds of the parties met in identifying the land covered by the agreement. It is not important, therefore, that the complainant did not own the strip of land, or that the description in the deed tendered wrongly included the strip of land. Furthermore, the thing sold and bought was the store and dwelling, which was correctly described as "1900 Penn. Ave." As was found in *Matthes v. Wier*, 10 *Del. Ch.* 63, 84 *Atl.* 878, the description of the property by the number of the house was in this case a sufficient description. There was, therefore, no mistake as to the land sold and bought.

For the defendant it is urged that the contract is unenforceable in equity because it includes not only real estate but personal

property, and the contract was incomplete as to the latter, inasmuch as the fixtures were not identified and there was no way to ascertain the value of the stock of merchandise in the store which was to be "paid at market price." As to the fixtures there was no serious defect in description or identity, for the definition of fixtures is clear, and all property on the premises that came within the description thereof are included in the sale. The price, seven hundred dollars, was also clearly stated.

It is not so clear that this Court could enforce that part of the agreement which relates to the stock, and as to which it was said, "stock to be paid at market prices." Obviously the word "for" is to be interpolated after the word "paid." Still, probably, there was no way of clearly ascertaining the price to be paid for the merchandise, and so that part of it probably cannot be enforced specifically. This feature might be fatal to the complainant if the contract was indivisible.

For the complainant it was urged that the subject-matter of the contract is divisible into three parts, the real estate, the fixtures and the merchandise, and that the part relating to the real estate may be enforced separately from the others if they be unenforceable specifically in this Court; while the contrary view is urged by the defendant and it is contended that this Court will not enforce part only of an indivisible contract. The general rule is as stated by the defendant, and a contract must be enforced completely if at all, and so as to secure substantially all that the parties contracted for at the time of the agreement. *Elliott on Contracts*, § 2276.

It is clear, however, that these three parts of the contract are divisible from each other, or at least that the agreement as to the merchandise is severable as to remedy from the other two subject-matters. Divisibility of contracts depends largely on the character of the consideration; if it be single the contract covering several matters is entire; but if it is expressly or by necessary implication apportioned, the contract is severable. 6 *Ruling Case Law*, 858; *Parsons on Contracts*, 29-31; *Reybold v. Henry*, 3 *Houst.* 279; *Thurber v. Royal, etc., Co.*, 1 *Marvel*, 251, 40 *Atl.* 1111. In this last case an insurance policy covered real and personal property and was void as to the former, but it was held valid as to the

personalty because the amount to be paid upon a loss of each particular kind of property was specifically named in the contract itself. Other cases cited by the complainant were *Barlow, etc., Co. v. Stone,* 200 *Mass.* 158, 86 *N. E.* 306; *Young, etc., Co. v. Wakefield,* 121 *Mass.* 91; *Pierson v. Crooks,* 115 *N. Y.* 539, 555, 22 *N. E.* 349, 12 *Am. St. Rep.* 831; *Wooten v. Walters,* 110 *N. C.* 251, 14 *S. E.* 734, 736.

The important question argued was whether the Court of Chancery in Delaware has jurisdiction to decree in favor of the vendor specific performance by the vendee of a contract for the sale of land. This question was not raised by demurrer, plea or answer, but in a reply brief filed by the defendant after the case had been heard and argued. In support of this contention the recent case of *U. S. Fire Apparatus Co. v. G. W. Baker Machine Co.,* 11 *Del. Ch.* 386, 97 *Atl.* 613, was cited. On the contrary it was urged that the case is distinguishable and inapplicable; and, further, that the jurisdictional question was raised too late. Without passing on the latter point, I am of the opinion that the decision of the Supreme Court in the case last cited is not applicable, and that this Court has jurisdiction to decree specific performance if the facts warrant it.

In the above-cited case the seller of shares of stock of a company, and also the books of the company, drawings, etc., relating to a certain newly patented machine and two machines at a price for all, brought suit in the Court of Chancery against the buyer to require it to take and pay for the property. The Chancellor decreed specific performance not on the ground of mutuality of remedy, but because of inadequacy of legal remedy, it being proved that there was no market value for the property sold and no means of ascertaining with reasonable certainty the value thereof. On appeal the Supreme Court said that the measure of value was the difference between the contract price and the market value and that the market value could be ascertained by offering at public sale the shares of stock, etc.; and though the value as so ascertained might have been small, the proceeding would have been one way to fix value. The true test of the jurisdiction of a court of equity for specific performance as applied by the Supreme Court to a contract concerning personal property

was stated to be that the value of the property could not be so ascertained by computation, or by any sufficiently certain estimate, to make a suit at law for damages an adequate remedy. There is no difference as to the principles adopted in the two courts, but to the application thereof. This decision related to a contract relating to personal property and is not necessarily applicable to sales of real estate. Neither was anything said in the opinion of the Supreme Court applying it to real estate. The citation in that opinion of *Eckstein v. Downing*, 64 *N. H.* 249, 9 *Atl.* 626, 10 *Am. St. Rep.* 404, and the quotation made therefrom, do not settle the matter. Presumably the Court read that cited case and noted therein the following words:

"Equity compels specific performance in favor of the vendor, not on the ground of mutuality of remedy, but because compensation in damages, measured by the difference in the price as ascertained by the market value and by the contract, is not regarded as adequate indemnity for the nonperformance of a contract. * * * In the English courts the doctrine of equitable conversion is held to be an additional ground for exercising chancery jurisdiction to compel specific performance of contracts for the sale or purchase of land."

Among the cases where a vendor obtained a decree for specific performance of a contract to sell land is the case of *Diamond State etc., Co. v. Husbands*, 8 *Del. Ch.* 205, 68 *Atl.* 240, though the jurisdictional question was not referred to in the opinion.

Without analyzing the reasons therefor, it is assumed for the purposes of this case that courts of equity always have decreed to a vendor specific performance of a contract for the sale and purchase of land. 2 *Pomeroy on Equitable Remedies*, (1*st Ed.*) §747, and (2*d Ed.*) § 2169; *Fry on Specific Performance*, § 50, *p.* 25; *Old Colony, etc., Co. v. Evans*, 6 *Gray* (*Mass.*) 25, 66 *Am. Dec.* 394; *Hodges v. Knowing*, 58 *Conn.* 12, 18 *Atl.* 979, 7 *L. R. A.* 87; *Maryland, etc., Co. v. Simpers*, 96 *Md.* 1, 7, 53 *Atl.* 424; 36 *Cyc.* 565.

Statutes such as that which since 1792 have existed in Delaware denying to the Chancellor power to determine any matter wherein sufficient remedy may be had at law is declaratory of a limitation established from ancient times irrespective of statutes. 1 *Pomeroy's Equity Jurisprudence*, §§ 295, and 344. The principles stated by these authorities of recognized learning and high standing are sufficient without further elaboration.

The complainant is entitled to a decree requiring the defendant to accept a proper deed and transfer of the land and the fixtures, but not the stock of merchandise, and pay the balance of the price for the land and the whole price of the fixtures. The description in the deed must be of the land owned by the complainant at the time the contract was made. The defendant will be required to pay the costs.

A decree will be entered accordingly.

NOTE. On appeal the Supreme Court reversed the decree of the Chancellor (119 *Atl.* 444), and the report of that opinion will appear in 13 *Del. Ch.*