MILDRED A. BENNETT REPPERT *v.* GEORGE W. REPPERT.

(*June* 6, 1940.)

RODNEY, J., sitting.

*Thomas M. Keith* for plaintiff.

Defendant was not represented.

Superior Court for New Castle County, Action for Divorce, No. 114, May Term, 1940.

RODNEY, J., delivering the opinion of the Court:

██ Upon a valid marriage a certain status comes into being between the parties. This status contains a number of elements which go to make up the duties each spouse owes to the other as well as those relating to society in general. Then, too, each of the parties to the marriage is entitled to certain rights and expectations concerning the other and these, for want of a better name, may be called consortium. Consortium is a right growing out of the marital relation and is a term used to indicate the claim or right that one spouse has to the companionship, society, assistance and affection of the other.

██ Just as a spouse has redress for unwarranted invasion of consortium by a stranger so each spouse has against the other a remedy for the unreasonable withdrawal or denial of marital obligations. When all these marital obligations or a very substantial part of them are withdrawn or denied without just cause there results an abandonment of the marriage and there occurs a wilful desertion by the offending spouse. Among the rights of marriage there is included, under normal conditions and in the absence of questions of health or physical disability, the right of reasonable sexual intercourse. Indeed this right is a most prominent and distinguishing feature of married life which alone affixes the stamp of lawfulness upon that intercourse. Almost all other features of married life may exist in other human relations. The right of sexual intercourse based, as it is, upon the fundamental concepts of the propagation of the race and the establishment of the home, is alone to be found in married life.

The authorities are sharply divided upon the question as to whether refusal of sexual intercourse, by a husband or wife, without just reason or excuse will, of and in itself, constitute desertion. Many of these authorities are col-

lected in 19 *C. J.* 58, *Sec.* 111; 17 *Amer. Juris.* 206, *Sec.* 108, 13 *Br. Rul. Cases* 936; see also *Fleegle v. Fleegle,* 136 *Md.* 630, 110 *A.* 889; *Haskell v. Haskell,* 99 *N. J. Eq.* 399, 131 *A.* 876.

The present case does not involve the effect of refusal of sexual intercourse, in and by itself, nor was such question involved in *Harrington v. Harrington,* 8 *W. W. Harr.* (38 *Del.*) 333, 192 *A.* 555. That principle, while it has many well reasoned and convincing authorities in its support, is not herein determined.

In the present case there is proof of actual refusal of sexual intercourse for more than the statutory period of two years and this was accompanied by the withdrawal of practically all marital rights. While the parties lived under the same roof until April 15, 1939, when the husband left the home, the marriage relation came substantially to an end on November 5, 1937. At that time the husband requested the wife to leave him as he had transferred his affections to another woman. Upon the wife's refusal he requested that they occupy different portions of the house and from that time the husband went his separate way entirely independent of his wife.

A refusal of sexual intercourse, by husband or wife, without just reason or excuse, when accompanied by evidence of denial of other rights of marriage will constitute wilful desertion. A mere abiding under a common roof will not prevent the ripening of a cause of action for divorce on the ground of wilful desertion where the complaining spouse has been denied all substantial rights of marriage.