ISADOR SCHUTZMAN and IDA SCHUTZMAN, his wife,
Plaintiffs,

*vs.*

CHARLES J. KATZ and RUTH P. KATZ, his wife,
Defendants.

*New Castle, June 12, 1958.*

*Joseph H. Flanzer,* Wilmington, for plaintiffs.

*John M. Bader* and *John Biggs, III,* of Balick & Bader, Wilmington, for defendants.

SEITZ, Chancellor: The sellers of certain real estate brought this action to enforce their contract specifically against the buyers.

Defendants have moved to dismiss the complaint on the grounds that the court lacks jurisdiction over the subject matter and also because the complaint fails to state a claim upon which equitable relief can be granted.

In their brief defendants rely upon two arguments in support of their motion. They first contend that equity should not entertain an action for specific performance of a contract for the sale of real estate at the instance of the vendor. Defendants' brief contains an elaborate and somewhat provocative argument as to why such a vendor should not be granted specific performance. However, I shall not

discuss defendants' argument principally because this court, to the writer's knowledge, has for many, many years granted such relief. Such relief was granted many years ago without discussion of the problem in *Diamond State Iron Co. v. Husbands,* 8 *Del.Ch.* 205, 68 *A.* 240. Moreover, the Court of Chancery in *Kahn v. Orenstein,* 12 *Del.Ch.* 344, 114 *A.* 165, squarely ruled that this court had such jurisdiction. Although this case was reversed by the Supreme Court on another ground, 13 *Del.Ch.* 376, 119 *A.* 444, it does appear to reflect the general rule. See *First National Bank of St. Johnsbury v. Laperle,* 117 *Vt.* 144, 86 *A.2d* 635, 30 *A.L.R.2d.* 958.

I therefore think that, as a practical matter, this court is not free to re-examine this question. If the rule is to be changed short of appropriate legislative action, it is for the Supreme Court to do it.

I conclude that the first ground of defendants' motion is without merit.

Defendants next argue that specific performance should not be granted because the sale contract here involved is unconscionable on its face. The harshness relied upon by defendants is found in the following provision:

> "If the purchaser shall fail to complete this contract within the time specified, the same shall, at the option of the seller, become null and void, and the sum paid on account shall be retained by the seller as compensation for the damage and expense to which the seller has been put on this behalf."

I think the short answer to this argument is that plaintiffs do not here rely upon the quoted provision in seeking relief here. It does not appear that the provision, assuming without deciding that it is harsh, is so interwoven into the contract that the other provisions thereof are affected. Indeed, defendants do not so contend.

I conclude that defendants' second ground is without merit here.

Defendants' motion to dismiss will be denied.

Present order on notice.