Shirley Cooper HECKMAN, Plaintiff Below,
Appellant,

v.

Walter HECKMAN, Jr., Defendant Below,
Appellee.

Supreme Court of Delaware.

July 23, 1968.

Sidney J. Clark, Wilmington, for plaintiff below, appellant.

No appearance for appellee.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

In a divorce action filed by Shirley Cooper Heckman, the appellant, against Walter Heckman, Jr., the appellee, the Superior Court denied a decree. She now asks us to reverse that decision. The appellee did not contest the suit below and has not appeared in this Court.

The action is based upon voluntary separation under 13 Del.C. § 1522(11), as follows:

> "The causes for divorce from the bonds of matrimony shall be * * *
>
> (11) When husband and wife have voluntarily lived separate and apart, without any cohabitation for three consecutive years prior to the filing of the divorce action and such separation is beyond any reasonable expectation of reconciliation."

The parties were married September 12, 1953. The trial Judge found that they had for more than three years prior to the beginning of the action, "lived completely separate lives, occupied separate bedrooms, and shared none of the numerous customary marital relations, including, but not limited to, sexual intercourse". He held also that there is no reasonable expectation that the customary marital relations will be resumed. He assumed, without deciding, that the cessation of marital relations was voluntary on both sides. He held, however, that a decree could not be granted solely because the parties had continued to live in the same single-family dwelling house until shortly before

the suit, along with their children and the wife's mother, the house containing four bedrooms.

The Court below held that the statutory provision of living separate and apart is not met unless the parties live in different abodes. As shown by the annotations in 51 A.L.R. 768 and 166 A.L.R. 508, many of the reported cases support that holding, although in a number of them apparently the only relationship severed was that of sexual intercourse. The Maryland case of Lillis v. Lillis, 235 Md. 290, 201 A.2d 794 [1] appears to be in that category. On the other hand, under a statute worded somewhat differently, the Courts in the District of Columbia have granted decrees despite the continuance of residence by both parties in the same dwelling. Hurd v. Hurd, 86 U.S.App. D.C. 62, 179 F.2d 68; Boyce v. Boyce, 80 U.S.App.D.C. 355, 153 F.2d 229. The Courts in the latter two cases stated that the essential thing is not separate roofs, but separate lives.

This Court, commenting upon the voluntary separation ground in Owens v. Owens, 38 Del.Ch. 220, 149 A.2d 320, indicated that it is now apparently the policy of this State not to compel the continuance of a marital relationship between unwilling parties, even though neither has been guilty of such an aggression that would formerly have justified a decree in favor of the other spouse. The policy "is based upon the proposition that where a husband and wife have lived apart for a long period of time, without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond". 24 Am.Jur.2d 303. It seems to us that this policy is not violated by a finding of voluntary separation under § 1522(11) even though the parties sleep under the same roof, when all other incidents of the marriage have been completely abandoned by mutual consent.

Ever since the decision in Reppert v. Reppert, 1 Terry 492, 13 A.2d 705, it has been considered to be the law of this State that a spouse may be guilty of desertion justifying a divorce, notwithstanding continued residence in the same dwelling, when all or substantially all of the marital obligations have been withdrawn or denied by that spouse without just cause. That ruling was made many years before the adoption of 13 Del.C. § 1522(11); yet, in making voluntary separation a ground for divorce, our Legislature did not see fit to insert a provision expressly forbidding the application of the *Reppert* rule in the present type of case, and we see nothing in the language to show an implied intent to do so. It is true that the section contains the term "live separate and apart," an expression which in some jurisdictions has been defined as requiring residence in separate domiciles. With that definition we cannot agree. We think that a couple may live separate and apart even under the same roof; to us, that is what the *Reppert* case, supra, stands for.

It must be recognized that various reasons may impel spouses to remain in the same dwelling after all marriage relations have ended between them; examples are economic necessity, stubbornness, or jockeying for position as to possession of the house and contents. The continued joint residence may make it difficult to prove to a Judge's satisfaction the fact of desertion or voluntary separation, as the case may be, because of the natural inference that a married couple living in the same house are presumably exercising some of the usual incidents of cohabitation between married persons. But difficulty of proof is not synonymous with impossibility of proof. In the present case, the trial Judge found that the severence of marital relations was *complete*, with no reasonable expectation that they would be resumed; we have no reason to disagree with that finding. We do, how-

1. This case was decided several years after voluntary separation became a ground for divorce in Delaware. Accordingly, even if it be true that our act was "borrowed" from Maryland, there is no presumption that our Legislature also intended to "borrow" the *Lillis* interpretation of its meaning. See 50 Am.Jur. 475.

ever, disagree with the holding that our statute forbids the entry of a decree simply because both spouses continued to live under the same roof. In our opinion, under the findings made below, appellant is entitled to a decree if the separation was voluntary on the part of both spouses.

The order entered below will be reversed and the record remanded for further proceedings in accordance herewith.