301 A.2d 318 (1973)
J. W. P., Wife, Individually and as guardian ad litem for B. W. P., Son, Plaintiffs,
v.
R. E. P., Husband, Defendant.
Court of Chancery of Delaware, New Castle.
January 15, 1973.
*319 James T. McKinstry, of Richards, Layton & Finger, Wilmington, for plaintiffs.
Charles M. Allmond, III, of Allmond & Wood, Wilmington, for defendant.
MARVEL, Vice Chancellor:
Plaintiff[1] sues individually as well as on behalf of the parties' son who will not be twenty-one until November 12, 1973 at which time maintenance for him by the defendant father, except for the possible costs of his further education, will terminate under the terms of the parties' separation agreement which preceded their divorce.[2] Plaintiff seeks the entry of a decree of specific performance of certain financial undertakings made by defendant under the terms of such agreement. The agreement in question was entered into by *320 the parties on August 5, 1959 after fourteen months of negotiations during which each party was represented by counsel. On September 22, 1960 plaintiff obtained a divorce on the ground of defendant's desertion. Their agreement provides for plaintiff's support until her death or remarriage. She has not remarried.
Plaintiff charges that since January 1970 the defendant has failed fully to comply with the support provisions of the agreement sued upon and that as of October 1972 he was in arrears under the terms of said agreement in the total amount of $5240. Defendant agrees to the mathematics of such computation of arrearages, which continue to accumulate, but contends that he is not liable under the terms of the agreement sued upon because it is unenforceable (1) because the parties were mistaken as to their respective legal rights during the negotiations which culminated in the execution of the agreement, (2) because the terms of the agreement are so basically unfair that to enforce performance of the agreement would be unconscionable, and (3) that the agreement should not be enforced because the parties' relative financial circumstances have substantially changed since the agreement was entered into.
Defendant's first contention is that at the time the agreement in issue was entered into neither party was aware that defendant allegedly had a right to seek a divorce on the ground of willful desertion. Such a decree, absent a separation agreement, would have terminated his duty to support plaintiff. In support of such contention defendant cites his own uncontradicted testimony that the refusal of plaintiff to engage in sexual intercourse in the period preceding their final separation destroyed the parties' marriage. He argues that inasmuch as there was a mistake on his part as to his legal rights to a divorce on such ground equivalent to a mistake of fact, equity will not enforce the agreement here in issue against him as the party injured by such a mistake. However, defendant overlooks the fact that the agreement sued upon is the product of a carefully negotiated compromise wherein all rights, doubtful or not, were sought to be put to rest. Such a compromise is favored by a court of equity, 3 Pomeroy's Equity Jurisprudence (5th Ed.) § 850.
In any event, I am of the opinion that defendant cannot be said to have had a clear right to a divorce at the time the separation agreement was entered into and that the cases on which he relies, namely, Harrington v. Harrington, 8 W.W.Harr. 333, 192 A. 555, and Reppert v. Reppert, 1 Terry 492, 13 A.2d 705, do not support his contention that the unexplained refusal of a wife to engage in sexual intercourse is in itself a ground for divorce. At most the cases cited support the proposition that such a refusal when accompanied by evidence of a denial of other conjugal rights may constitute willful desertion. Furthermore, in the parties' agreement as noted above, defendant appears to have recognized his right, on plaintiff's failure to sue, to sue for divorce himself.
Defendant further contends that the agreement should not be enforced because its terms are unconscionable, specifically in the fact that under its provisions defendant was not granted rights concerning the bringing up of the parties' son and further that no provision was made for a reduction of support payments upon his retirement. While these provisions no doubt demonstrate that defendant may have been outbargained, they are not in any event the subject of plaintiff's application for a decree of specific performance or made a matter of counterclaim, and may not be appropriately considered here. See Schutzman v. Katz, 37 Del.Ch. 328, 142 A.2d 518.
Finally, while defendant appears tacitly to concede that the support provisions of the parties' agreement were fair and equitable at the time the agreement sued upon was entered into, he contends *321 that because the relative economic positions of the parties have subsequently changed to defendant's detriment (although defendant's salary has increased along with plaintiff's earnings and savings) the terms of the agreement have become unfair. However, changes in economic circumstances do not constitute a valid defense to an action for the specific performance of a separation agreement unless provision for such a revision is made in the agreement itself, Dumel v. Dumel, 42 Del.Ch. 465, 213 A.2d 859, Wife, B. T. L. v. Husband, H. A. L., Del.Ch., 287 A.2d 413, and compare Cunningham v. Esso, 35 Del.Ch. 371, 118 A.2d 611. Having been represented by counsel during some fourteen months of negotiations over the precise terms of the agreement which he eventually executed, an agreement which allocated to his then wife and son a not disproportionate part of his earnings, he is bound by the terms of his agreement, the provisions of which here in issue are clearly fair on their face.
On notice, an order granting plaintiff's prayers for the entry of a decree of specific performance will be entered.
NOTES
[1] Hereinafter "plaintiff" refers to J. W. P., Wife.
[2] On this score and at apparent odds with defendant's contention that he was unaware of his rights the agreement provided: "The Husband agrees that he will not at any time institute a proceeding against the Wife for divorce without first giving the Wife sixty days' notice in writing of his intention to do so, it being agreed by the parties that the Wife shall be given the first opportunity to institute such a proceeding."