HUSBAND J.E.T., Petitioner, Appellant,

v.

WIFE E.M.T., Respondent, Appellee.

Supreme Court of Delaware.

Submitted Sept. 18, 1979.

Decided Oct. 10, 1979.

---

* See *Harris v. Gallaher*, Del.Super., 375 A.2d 456 (1977).

Theodore F. Sandstrom, Wilmington, for petitioner-appellant.

John P. Daley, Wilmington, for respondent-appellee.

Before DUFFY, McNEILLY and HORSEY, JJ.

PER CURIAM:

In this action for divorce by the Husband, the Family Court entered an order on the Wife's application specifically enforcing a separation agreement between the parties. We consider only the Husband's appeal from that order. He argues that it is "unenforceable because it violates the equitable principle of fairness."

The Family Court has statutory jurisdiction over an agreement relating to payments for support between spouses, 13 Del.C. § 507, and such an agreement may be specifically enforced, *Astle v. Wenke*, Del. Supr., 297 A.2d 45 (1972), in the sound judicial discretion of the Court, 4 *Pomeroy's Equity Jurisprudence* (5 ed.) § 1404. When an order of specific performance is entered by the Trial Court, the standard of review is whether that Court abused its discretion in entering the order.

The Husband argues, among other things, that he did not read the agreement before signing it. But that is not a basis for relief because equity will not aid one who voluntarily signs a document without

reading it. His contention that he thought the agreement contained a one-year limit on his duty of support is without merit because there is no such provision in the writing and the Court will not add to the contract which the parties made. Compare *J.W.P. v. R.E.P.*, Del.Ch., 301 A.2d 318 (1973).

Considering all of the facts in the record (including the Husband's reliance on the agreement in the divorce action as proof of a voluntary separation, the waiver by the Wife of a claim to alimony and/or support, and the relative income of the parties), the Family Court did not abuse its discretion in ordering enforcement. Cf. *J.W.P. v. R.E.P., supra.*

\*      \*      \*      \*      \*      \*

Affirmed.