IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WALTER CROUCH,[1] | § | |
| | § | No. 47, 2020 |
| Respondent Below, | § | |
| Appellant | § | Court Below: Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS13-1081 |
| VALERIE CROUCH, | § | Petition No. 19-22430 |
| | § | |
| Petitioner Below, | § | |
| Appellees. | § | |

Submitted: August 5, 2020
Decided: August 7, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

This 7th day of August, 2020, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Walter Crouch appeals from an order of the Family Court enforcing a 2014 oral agreement under which he agreed to pay alimony to his ex-wife Valerie Crouch.

(2)     After Walter filed for divorce in 2013, the Family Court entered an order requiring Walter to pay interim alimony to Valerie in the amount of $1,182.50 per month.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(3)     The court later entered a final decree of divorce but retained jurisdiction over the ancillary matters of property division and alimony.  The court scheduled a hearing on these ancillary matters on April 24, 2014.

(4)     At an April 8, 2014 pretrial conference, the parties, neither of whom were represented by counsel, informed the court that they had settled their differences.  The court then entered an order stating that

> [t]he parties indicated that they had reached an agreement resolving all ancillary matters and request that the Court dismiss ancillary matters.  Therefore, the Court's ancillary jurisdiction over this matter is hereby dismissed and the April 24, 2014 hearing has been removed from the Court's calendar.

The terms of the agreement were not put on the record.  But when the Family Court judge asked Walter whether any further court involvement was necessary, he responded: "No.  But I'm still gonna have to pay [a]limony . . . I know that."[2]

(5)     For the next five years, Walter paid $1,100 per month to Valerie.  He then stopped these payments without explanation.

(6)     In June 2019, Valerie filed a motion styled "Motion to Reopen Under Family Court Civil Rule 60(b)(6) and Motion to Enforce Agreement."[3]  In her motion, Valerie alleged that, under the oral agreement reached before the April 2014 pretrial conference, Walter agreed to pay alimony indefinitely to Valerie in the

---

[2] App. to Answering Br. at B3.
[3] App. to Opening Br. at A48–57.

amount of $1,100 per month. She further alleged that Walter had complied with this agreement through April 2019, after which he stopped making payments. In short, Valerie asked the court to reopen the parties' ancillary case to enforce the oral agreement.

(7) By now both Walter and Valerie were represented by counsel so the court held a teleconference to discuss Valerie's motion. During the teleconference, the court advised counsel that it would treat the motion as a petition for specific performance and that it intended "to address the terms and enforceability of the parties [April 2014] agreement on ancillary matters."[4] The court directed Walter to file a brief "regarding [his] position on the Court's authority (or lack thereof) to handle this matter in this procedural manner."[5] The Letter Order also cited 13 *Del. C.* § 507 (a), quoting the part of the statute that provides that the Family Court "shall have exclusive jurisdiction over the construction, reformation, enforcement and rescission of agreements made between future spouses, spouses and former spouses concerning the payment of support or alimony, the payment of child support or medical support, the division and distribution of marital property and marital debts and any other matters incident to a marriage, separation or divorce."

(8) Rather than filing a brief as directed, Walter's counsel responded:

---

[4] App. to Answering Br. at B5.
[5] *Id*. at B6.

3

Having had the opportunity to review the statutory provision cited by the Court in the telephone conference, I believe the Court has properly stated the jurisdiction of the Court to hear and decide the pending petition and answers. Without waiving any position of the Respondent upon appeal, motion for reargument or other post-decision request for relief (inasmuch as no decision has yet been made by the Court), I agree the Court has the jurisdiction as set forth in 13 *Del. C.* § 507(a) to decide the matters presently pending before the Court. As such, I do not believe submission of briefs or memoranda of law are required.

(9) The Family Court held a trial on what it now considered to be Valerie's petition for specific performance of the April 2014 oral agreement and, after hearing the testimony of both parties, ruled in Valerie's favor. The court found that the parties had made an enforceable oral agreement in April 2014 that Walter would pay Valerie $1,100.00 per month in alimony until either Walter or Valerie died. Hence the court ordered Walter to resume the monthly $1,100 payments of alimony immediately and also to pay "back alimony" in the amount of $9,900, for the nine months between Walter's cessation of payments and the court's order. Walter then filed this appeal.

(10) Walter contends that the Family Court "improperly appl[ied] the relevant case and statutory law, failed to consider the evidence [he presented] . . ., and applied improper legal standards to the Motion."[6] We disagree.

(11) "When reviewing a Family Court order, our standard and scope of review involves a review of the facts and law, as well as inferences and deductions

---

[6] Opening Br. at 2.

4

made by the trial judge."[7] "When the Family Court orders specific performance, 'the standard of review is whether the [c]ourt abused its discretion in entering the order.'"[8]

(12)    It is difficult to discern from Walter's brief on appeal[9] the precise legal errors that he claims the Family Court committed.  It appears, however, that Walter's first claim is that the court's admission of two Rule 52(d) Ancillary Pretrial Stipulations that the parties signed and filed in February 2014 in anticipation of the April 2014 ancillary hearing was in error.  In Valerie's version of the stipulation, she confirmed that she was seeking an award of monthly alimony in the amount of $1,100.00.  In his version, Walter wrote that Valerie had made an offer under which Walter would "pay alimony and other expenses."[10]  Immediately following that statement, Walter added:  "Also agreed."

(13)    Walter objected to the Court's consideration of the Rule 52(d) Stipulations but did not state any cognizable ground for the objection nor was such a ground apparent from the context.[11]  Thus, Walter did not properly preserve this claim of error.  But it also seems obvious to us that the statements Walter made in

---

[7] *Silverman v. Silverman*, 206 A.3d 825, 829 (Del. 2019) (quoting *Stewart v. Stewart*, 41 A.3d 401, 404 (Del. 2012)).

[8] *Harris v. Frank-Harris*, 86 A.3d 1118 (Table), 2014 WL 1003588, at *2 (Del. March 7, 2014) (quoting *Husband J.E.T. v. Wife E.M.T*, 407 A.2d 532, 533 (Del. 1979)).

[9] Walter filed an opening brief but chose not to file a reply brief.

[10] Petitioner's Ex. No. 4 at 3.

[11] *See* D.R.E. 103 (A party preserves a claim of error in a ruling to admit evidence by "[t]imely object[ing] . . . and . . . stat[ing] the specific ground, unless it was apparent from the context.")

the challenged document were relevant to whether the parties had reached an agreement involving alimony in 2014 and admissible as statements offered against an opposing party under D.R.E. 801. We therefore reject this claim of error on both procedural and substantive grounds.

(14) Walter also argues that the Family Court erred by "convert[ing]"[12] Valerie's motion to re-open the 2014 proceedings to a petition for specific performance. This argument is wholly without merit and borders on being frivolous. For starters, Valerie's motion made clear that she sought enforcement of the 2014 agreement. Indeed, the words "Motion to Enforce Agreement" appear in the title of Valerie's application to the court. But more to the point, following the teleconference at which the court announced its intention to treat the motion as a petition for specific performance, the trial judge wrote to counsel specifically soliciting Walter's position on the court's authority to address the motion in that manner. And as mentioned above, Walter appears to have passed on that opportunity. He simply cannot square his response to the court's invitation—quoted in Paragraph 8 above—with his contention on appeal that, although "[t]he trial court certainly retain[ed] the jurisdiction to hear this matter[,] . . . [it] lack[ed] the authority to convert a motion to reopen to a petition for specific performance."[13]

---

[12] Opening Br. at 9.
[13] *Id.*

(15) Finally, Walter takes issue with several of the Family Court's factual findings. These claims amount to nothing more than Walter's complaint that the trial judge found Valerie's account of what transpired in 2014 to be more credible than his version. "When the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of witnesses appearing before him, those findings of the Trial Judge will be approved upon review, and we will not substitute our opinion for that of the trier of fact."[14] Applying this basic tenet of appellate review, we reject Walter's challenges to the Family Court's factual findings.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[14] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).