# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

CLIFTON SYKES,      )
     )
     Plaintiff,      )
     )
     v.      )      C.A. No. 2025-0724-JRB
     )
WAYNE J. MACKAY      )
& JOANNE MACKAY      )
     )
     Defendants.      )
     )
     )

## ORDER

WHEREAS, on June 26, 2025, Plaintiff Clifton Sykes ("Plaintiff") filed a Complaint seeking a declaratory order against Defendants Wayne J. Mackay ("Wayne") and Joann Mackay ("Joann" and collectively "Defendants"). Plaintiff requests the Court find that he had sufficiently performed his duties under the contract for sale of the two properties respectively located at 311 and 315 Bradford Street, Wilmington, Delaware 19801 ("the Subject Properties");[1]

---

[1] Pl. Compl., Docket Item ("D.I.") 1.

1

WHEREAS, on September 2, 2025, Defendants filed both an Answer to the Complaint and a Motion to Dismiss;[2] and in their Motion to Dismiss, Defendants raised several arguments for dismissal of Plaintiff's complaint;[3]

WHEREAS, while Defendants did not clearly state in their Motion on what grounds under Rule 12(b) they were seeking dismissal, the Court recognizes that the self-represented Defendants were arguing for the Court to dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6);

WHEREAS, Defendants argued this Court lacks subject matter jurisdiction because the contractual relationship between the parties is that of landlord-tenant, either by the nature of the contract itself or because the contact converted to a landlord-tenant agreement under 25 *Del. C.* § 314(d), thereby vesting jurisdiction in the Justice of the Peace Court ("JP Court");[4]

WHEREAS, the parties had been involved in two matters in JP Court, which are related to this present matter;[5] one action was resolved by voluntary dismissal by

---

[2] Def. Answ. to Compl., D.I. 8; Def. Mot. to Dismiss, D.I. 11.

[3] Def. Mot. to Dismiss, D.I. 11.

[4]  Def. Mot. to Dismiss, D.I. 11.

[5] Tr. 19:24-22:1. Both JP cases have been dismissed. The first case, JP13-25-001758 *Mackay v. Sykes*, was dismissed before oral argument, upon Plaintiff's request, because the parties were engaging in settlement conversations. The second related matter, JP13-25-008547 *Mackay v. Sykes*, was dismissed on October 24, 2025, because Plaintiff did not meet his minimum notice requirements for a summary possession under 25 *Del. C.* § 5707.

Defendants here before Defendants filed the Motion to Dismiss here, and, the second action was resolved by dismissal by the JP Court judge after Defendants filed their Motion to Dismiss in the matter presently pending before this Court;[6]

WHEREAS, the parties appeared, in-person, before the Court on February 19, 2026, at 11:00 a.m. for oral argument on Defendants' Motion to Dismiss;[7] present for the hearing was Josiah Wolcott, Esquire, counsel for Plaintiff, and Wayne J. Mackay, self-represented Defendant;[8]

WHEREAS, at the beginning of oral argument, Defendant Wayne Mackay made an oral motion for continuance on the basis that an interested party, Mr. Floyd White ("Mr. White"), was not yet a party to the case and is an indispensable party; Plaintiff objected to this request, and the Court denied the continuance request;[9]

---

[6] Tr. 19:24-22:1. At oral argument, the Court requested the parties provide copies of the dismissal in the aforementioned JP cases, *Mackay v. Sykes*, C.A. JP13-25-001758 and *Mackay v. Sykes*, C.A. JP13-25-008547. On February 17, following oral argument, Plaintiff provided the notice of dismissal in the second summary possession case, *Mackay v. Sykes*, C.A. JP13-25-008547. *See* Ex. A to Pl.'s Ltr., D.I. 27.

[7] Jud. Action Form ("JAF"), D.I. 25.

[8] Ms. Joann Mackay did not appear. The Court excused her appearance due to her current health circumstances and Plaintiff did not object to her being excused from appearing.

[9] Tr. 6:15-7:01, 7:04-13, 29:05-20. Mr. White did not become an aggrieved party until after Defendants filed their Motion to Dismiss and Plaintiff filed his Response. In fact, Defendants sold the Subject Properties to Mr. White more than one (1) month *after* Plaintiff had filed his Response in Opposition to Defendants' Motion to Dismiss. *See* Mot. to Cancel Lis Pendens from *Pro Se* Mr. Floyd White, D.I. 16, ¶ 6.

WHEREAS, Defendant Wayne Mackay raised several new arguments at oral argument which were not included in his Motion or any responsive pleadings:

    a. Defendant argued, in essence, that Plaintiff failed to name the correct parties as Plaintiff was not the party named on the checks that he used to pay rent to Defendant;[10]

    b. Defendant claimed the Court should dismiss the complaint as there was no valid contract because there was no meeting of the minds;[11]

    c. Defendant also asserted there was no valid contract because the contract was not properly signed as required by the Statute of Frauds signature requirement;[12]

    d. Defendant contended that, even if the Court finds there is a valid contract between the parties, the Court should still dismiss the matter as the contract between Plaintiff and Defendants does not

---

[10] Tr. 9:24-10:11. (Plaintiff's business *Sykes Ornamental and Iron Works* ("*Sykes Ornamental*") is associated with this matter but not named in the Complaint. Defendant testified at Oral Argument that all the payments associated with the property have come from *Sykes Ornamental*, rather than Plaintiff himself. Plaintiff, during his argument, mentioned that he would file a motion to amend to include Plaintiff's entity. Plaintiff filed a Motion for Leave to Amend His Complaint on February 27, 2026.)

[11] Tr. 9:4-14; *see also* 25 *Del. C.* § 314(b).

[12] Tr. 23:2-18.

meet the requirements for a seller-financed real estate contract in accordance with 25 *Del. C.* § 314;[13]

e. Defendant also argued that, even if there were an agreement, Plaintiff had not paid rent since September 2024 and thus should be considered a holdover tenant; and, therefore, Plaintiff is not entitled to purchase the property;[14]

WHEREAS, "The general rule… that a party waives any argument it fails properly to raise shows deference to fundamental fairness and the reasonable notion that, to defend a claim or oppose a defense, the adverse party deserves sufficient notice of the claim or defense in the first instance";[15] and, because these arguments were not addressed in the Motion and the Responsive Pleadings, the Court will not take any of these arguments into consideration;

---

[13] Tr. 38:9-40:1.

[14] Tr. 12:23-13:9. (Default notice was served on Plaintiff on February 10, 2025. Defendant argued that *Bateman v. 317 Rehoboth Ave., LLC* applies here because in that case the Chancery Court found that the Right of First Refusal clause of their rental agreement did not survive the termination of the lease. *Id.* 878 A.2d 1176, 1183 (Del. Ch. 2005). The Court will not entertain this argument at this stage.)

[15] *PharmAthene, Inc. v. SIGA Techs., Inc.*, 2011 WL 6392906, at *2 (Del. Ch. Dec. 16, 2011). Motion practice is designed to "test the sufficiency of the allegations contained in the complaint." *Doe 30's Mother v. Bradley*, 58 A.3d 429, 445 (Del. Super. Ct. 2012). Parties must provide sufficient notice to allow the other time to deny the claims contained within the Motion. *CLP Toxicology, Inc. v. Casla Bio Holdings, LLC*, 2020 WL 3564622, at *6 (Del. Ch. June 29, 2020).

WHEREAS, this Order sets forth the Court's decision solely regarding Defendants' Motion to Dismiss and the arguments raised within the Motion;

WHEREAS, in his Response in Opposition to Defendants' Motion to Dismiss and his presentation at oral argument, Plaintiff argued that Defendants' Motion to Dismiss failed for three reasons: first, Defendants waived the ability to seek dismissal under Rule 12(b) as they filed an Answer to the Complaint, second, the Court has subject matter jurisdiction over this matter, and finally, 25 *Del. C.* § 314 does not apply here;

WHEREAS, Plaintiff also argued that the Motion to Dismiss should not be granted because Defendants waived their ability to seek dismissal under Rule 12(b)(6) by filing their Motion to Dismiss alongside the Answer to the Complaint;[16]

WHEREAS, Plaintiff argued that under *Johnson v. Barnes*,[17] only strict compliance to 25 *Del. C.* § 314 will entitle a party to protection under the statute;[18] more specifically, Plaintiff argued that because there is no amortization schedule as required under 25 *Del. C.* § 314, that statute does not apply to this matter;[19]

---

[16] Tr. 40:20-41:04.

[17] 2025 WL 1392239 (Del. Ch. May 14, 2025).

[18] Tr. 26:13-24. *See Johnson v. Barnes*, 2025 WL 1392239, *12 (Del. Ch. May 14, 2025).

[19] Tr. 27:01-14.

6

WHEREAS, Plaintiff argued that the parties had a valid agreement, the relationship between the parties was not one of landlord-tenant, the parties had a meeting of the minds, and the intent of the parties for the contract was clear;[20]

WHEREAS, a defendant may pursue a motion to dismiss on the grounds of lack of subject matter jurisdiction at any time;[21]

WHEREAS, subject matter jurisdiction is defined as the Court's "ability to adjudicate the type of controversy involved in the action" and cannot be waived by the parties;[22]

WHEREAS, the non-moving party bears the burden of establishing the court has subject matter jurisdiction;[23]

WHEREAS, a motion requesting dismissal on grounds of subject matter jurisdiction should be granted when it is clear, "as a matter of established doctrine," the Court should not exercise its jurisdiction;[24]

---

[20] Tr. 31:02-09, 28:20-24.

[21] Del. Ch. R. 12(h)(1); *see Sandhi-Kapoor v. Hone Cap. LLC*, 307 A.3d 328, 342 (Del. Ch. Dec. 4, 2023).

[22] *Sandi-Kapoor*, 307 A.3d at 338.

[23] *Siegel v. Morse*, 2025 WL 1101624, at *5 (Del. Ch. Apr. 14, 2025)("Dismissal under Rule 12(b)(1) is appropriate if the record, including evidence outside the pleadings, indicates that the court does not have subject matter jurisdiction.").

[24] *Sandhi-Kapoor*, 307 A.3d at 342.

WHEREAS, the Court of Chancery has proper jurisdiction over performance of real estate contracts;[25]

WHEREAS, a motion to dismiss for subject matter jurisdiction, under Rule 12(b)(1) is often linked to dismissal for failure to state a claim on which relief can be granted, under Rule 12(b)(6).[26]

WHEREAS, a motion to dismiss under Rule 12(b)(6) must be brought before a responsive pleading is filed, otherwise the defense is waived;[27]

WHEREAS, when evaluating a motion to dismiss a complaint for failure to state a claim on which relief can be granted under Rule 12(b)(6), the Court will accept all well-pleaded factual allegations as true, draw all reasonable inferences in favor of the non-moving party, and determine whether dismissal is appropriate at the present stage;[28]

---

[25] 10 *Del. C.* § 341; *Schutzman v. Katz*, 142 A.2d 518, 519 (Del. Ch. 1958).

[26] *Appriva Shareholder Litig. Co., LLV v. Ev3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007)(rule 12(b)(1) and Rule 12(b)(6) motions are often linked through concerns over standing and whether the court has the subject matter jurisdiction to grant *this* particular plaintiff relief the stated claim for relief).

[27] Del. C. R. 12(h)(3).

[28] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011) (*citing Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

WHEREAS, the Court will not grant a Motion to Dismiss under Rule 12(b)(6) unless it appears reasonably certain that the plaintiff cannot prevail on any set of facts.[29]

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 15th day of April, 2026, as follows:

1. Defendants' Motion to Dismiss on grounds of lack of subject matter jurisdiction is **DENIED**.

2. Defendants' Motion to Dismiss on grounds of failure to state a claim upon which relief can be granted is **DENIED**.[30]

3. The Court finds that it has subject matter jurisdiction over this matter. The relationship between the parties here is not a landlord-tenant relationship, nor was it converted to a landlord-tenant relationship under 25 *Del. C.* § 314(d). That statute is inapplicable to this matter as there is no amortization schedule as required by Section 314(a).

---

[29] *Witmer v. Armistice Cap., LLC*, 344 A.3d 632, 649 (Del. Ch. 2025).

[30] On or about February 27, 2026, Plaintiff filed Motion for Leave to Amend His Verified Complaint. *See* D.I. 28. On or about March 11, 2026, Defendant and Aggrieved Party filed a joint Response in Opposition to Plaintiff's Motion for Leave to Amend Verified Complaint. *See* D.I. 29-38. The Court will not be addressing those filings in this present Order.

4. The Court finds that, in viewing the facts in a light most favorable to the non-moving party,[31] the Motion to Dismiss fails. Even in viewing the motion under the less stringent standard for self-represented parties,[32] the Court cannot grant Defendants' Motion to Dismiss.[33]

5. Plaintiff has adequately pleaded his claims and there remain issues in dispute that can be resolved only with further development of the record.

6. The Court also finds that Defendants have waived their ability to assert a defense under Rule 12(b)(6) by filing the Motion simultaneous with filing their Answer. While the Court is willing to grant *pro se* litigants some leeway, "[t]here is no different set of rules for *pro se* [parties]."[34]

7. This is a magistrate's report under Court of Chancery Rule 144. All exceptions to interim reports are stayed pending a final report adjudicating the case on the merits absent leave of the magistrate.

**IT IS SO ORDERED.**

*/s/ Jessie R. Benavides*
Jessie R. Benavides
Magistrate in Chancery

---

[31] *Partners & Simons, Inc. v. Sandbox Acquisitions, LLC*, 2021 WL 3159883, at *4 (Del. Ch. July 26, 2021) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002)).

[32] *Murray v. Preradovic*, 2025 WL 735129, at *2 (Del. Ch. Mar. 6, 2025).

[33] Del. Ch. C. R. 12(h)(1).

[34] *Murray v. Preradovic*, 2025 WL 735129, at *3 (Del.Ch. Mar. 06, 2025) (citations omitted).