EMANUEL M. STEINLAUF
*vs.*
JAMES C. McCARTHY

Superior Court      Fairfield County      File No. 64476

MEMORANDUM FILED JULY 9, 1942.

*Leo Nevas,* of Norwalk, for the Plaintiff.

*Davis, Davis & Davis,* of Norwalk, for the Defendant.

Memorandum of decision on demurrer.

O'SULLIVAN, J. The complaint alleges these facts: The defendant owns a tract of land known as No. 12 Buckingham Place in the Town of Norwalk, more particularly described as Lots Nos. 37 and 38 on a map of Lockwood Ridge on file in the office of the town clerk of Norwalk. On October 6, 1941, the plaintiff notified him that he was prepared to take title to the tract in conformity with the terms of Exhibit A, annexed to and made part of the complaint. This exhibit reads: "Norwalk, Connecticut, August 29, 1941. I, James C. McCarthy, the owner of a piece of property known as No. 12 Buckingham Place, hereby give to Emanuel Martin Steinlauf the option to purchase my property as above located, for and in consideration of the sum of $200.00 and other valuable considerations, and the balance of Eight Hundred ($800.00) Dollars on or before 90 days from the above date.

"I will deliver this property free and clear of all incumbrances with the exception of (1) a certain mortgage for five

thousand ($5,000.00) dollars given to the Wakeman Title and Mortgage Company of Fairfield, as per record, which the buyer will assume. (2) The buyer will also assume and agree to carry out a certain lease to a Mrs. Johnson for a period of two years, as now on record in the Town Clerk's Office in Norwalk. Otherwise, this property is to be conveyed free and clear of all incumbrances. Signed, James C. McCarthy. Witnessed by: Harry Gordon, Sam Dorsey."

The plaintiff has at all times since October 6, 1941, been ready, able and willing to carry out his part of the agreement, but the defendant has continually refused to convey the tract.

The defendant has demurred to the complaint and alleges various grounds, all of which stem from the statute of frauds.

The requirements of a memorandum of sale to satisfy the statute are well established by many decisions. "It must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Santoro vs. Mack,* 108 Conn. 683, 687.

Whatever merit there may be to the other grounds of demurrer, that which challenges the sufficiency of Exhibit A because of the uncertainty of the words "and for other valuable considerations" is sound. Unless parol evidence is resorted to, it is utterly impossible to know what the parties were agreeing to when those words were included. For aught that appears to the contrary, the considerations they intended as a partial support for the agreement could have been the giving by the plaintiff to the defendant of a diamond ring, or any one of the countless articles that come to mind. Or perhaps, the valuable considerations were a series of promises made by the plaintiff, requiring him to perform various acts of value to the defendant. One just cannot know what the considerations were. This leads to that uncertainty in the terms of sale against which the statute provides. In my judgment, the agreement is vitally deficient in this respect and the demurrer must, therefore, be sustained on that ground.