[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action seeking money damages for alleged breach of a real estate sale agreement between plaintiff and defendant. Defendant has filed a Motion To Strike the complaint on the grounds that the alleged "executed agreement" fails to satisfy the Statute of Frauds and the claim is moot. The alleged "Real Estate Purchase and Sale Agreement" is attached to the complaint as Exhibit A and incorporated therein.
A motion to strike challenges the legal sufficiency of a pleading. Connecticut Practice Book § 10-39. For the purposes of motion to strike, all well-pleaded facts and those necessarily implied therefrom are taken as admitted. D'Uliesse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 208 1987. In ruling on the motion to strike, the court must construe the complaint in a manner most favorable to the plaintiff. Morris v. Hartford Courant Co, 200 Conn. 676, 678 1986.
Courts permit the Statute of Frauds to be raised by a motion to strike only when the alleged agreement falls squarely within those categories of agreements required to be in writing. Diette v. Dental Group of Norwalk, Superior Court, J.D. Stamford-Norwalk at Stamford No. 158747 (2/27/98, Lewis, J.); Breen v. Phelps, 186 Conn. 86 (1982). The Statute of Frauds, Conn. Gen. Stat. § 52-550, provides in part: "that no civil action may be maintained upon agreement for the sale of real estate unless the agreement is made in writing and signed by the party to be charged." The agreement which is the subject of this complaint concerns the sale of real estate known as McConney's Grove on Roosevelt Drive in Derby, Connecticut and thus is covered by the Statute of Frauds.
Defendant first claims that the agreement does not satisfy the Statute of Frauds because plaintiff has inserted the words "subject to formal contracts" in its terms. The alleged agreement also calls for financing by the defendant seller in the amount of $600,000.00 in Paragraph Four and Addendum A. Defendant seller did not agree to these terms and modified the amount of seller financing to $550,000.00 and did not sign the Addendup. Further, defendant seller's signature is undated. There is no written indication that plaintiff accepted these conditions other than the complaint which alleges a delivery and acceptance of a deposit.
Plaintiff replies that the agreement does satisfy the Statute of Frauds and that by including factual allegations in its motion to strike, defendant is not entitled to the relief requested. However, where as here, the alleged agreement is incorporated into the complaint, the CT Page 10201 discussion of circumstances surrounding the signing are relevant as to the issue of whether or not parol evidence would be required to establish the terms of the alleged agreement.
"The requirements of a memorandum of sale to satisfy the statute are well established . . . It must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." Steinlauf v. McCarthy, 11 Conn. Sup. 36, 37
(1942), (citing Santoro v. Mack, 108 Conn. 683, 687 (1929))
Here, the proposed agreement does not satisfy the Statute of Frauds and cannot be enforced. Accordingly, the complaint will be stricken. Under Connecticut law, the contingency "subject to formal contracts" set forth in the proposed agreement establishes that no binding and enforceable written contract has yet been entered into. Fowler v. Weiss,15 Conn. App. 690 (1988); Schlett v. Zarenski, 32 Conn. Sup. 567 (1975). Also, the specific terms of the seller-financing are neither contained in the agreement nor dated and countersigned as agreed. Montanaro v.Pandolfini, 148 Conn. 153 (1961). Here, without the execution of a final contract for sale of real estate, the proposed agreement is incomplete and not enforceable under the Statute of Frauds.
In view of this finding, the court does not reach the issue of mootness. The Complaint is stricken on the grounds the alleged agreement fails to satisfy the Statute of Frauds, Connecticut General Statute § 52-550.
So ordered.
 _________________ Sequino, J.
CT Page 10202